WATKINS, Judge.
Venue is the sole issue on appeal in this action for medical malpractice instituted by the plaintiffs, Sheree Daniels and Ronnie Daniels, against the Eye Care & Surgery Center; St. Paul Fire & Marine Insurance Company (St. Paul), the liability insurer for the Eye Care & Surgery Center; and Dr. Vincent Rachal.
Suit was filed in Tangipahoa Parish, the domicile of the plaintiffs. Defendants filed a declinatory exception of improper venue which the trial court overruled.[1]
The plaintiff’s petition alleges Dr. Vincent Rachal and the Eye Care and Surgery Center committed medical malpractice when Dr. Rachal failed to diagnose the possibility of a brain tumor in connection with an eye examination, which examination was performed in Ascension Parish at Dr. Rachal’s office of the Eye Care and Surgery Center on February 21,1989. The tumor was ultimately diagnosed two months later, and plaintiffs claim that the delay caused the damages alleged. The plaintiffs have asserted several claims for damages, both individually and on behalf of the community of acquets and gains.
The general rule of venue in LSA-C.C.P. art. 42 provides that “an action against: (1) [a]n individual who is domiciled in the state shall be brought in the parish of his domi-cile_” An exception to the general venue rule is found in LSA-C.C.P. art 74 which provides that:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained....
Because the article provides an exception to the general rule, the jurisprudence requires a strict construction of the provisions of LSA-C.C.P. art 74. A party claiming the benefit of the exception must bring himself clearly within the exception. Hawthorne Oil & Gas Corp. v. Continental Oil Co., 377 So.2d 285 (La.1979).
The plaintiffs allege that the “damages were sustained” in their domicile of Tangipahoa Parish because her illness progressed there.
The recent Louisiana Supreme Court decision of Chambers v. Leblanc, 598 So.2d 337 (La.1992), addressed a similar factual situation. A legal malpractice action was brought in Livingston Parish, plaintiffs’ domicile, against an attorney, who was *969 domiciled in Iberville Parish and practiced in Ascension Parish, for failing to file a timely suit in East Baton Rouge Parish. The court stated that:
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of the plaintiffs domicile. Belser v. St. Paul Fire & Marine Insurance Co., 509 So.2d 12 (La.App. 1st Cir.1987). Here, the wrongful conduct occurred either in Ascension Parish or East Baton Rouge Parish, but clearly not in Livingston Parish, which is therefore not a parish of proper venue under Article 74.
Chambers, 598 So.2d at 337-338.
It is apparent that the court agreed with the analysis of the present jurisprudence expressed by this court in Belser, which states: “[i]f any damage is caused to the plaintiff in the parish where the wrongful conduct occurred, that parish and no other, is ‘the parish where the damages were sustained’ for purposes of Article 74.” Belser, 509 So.2d at 18, 19. (Emphasis original).
Under the facts of the instant case it is clear that the plaintiff was damaged in Ascension Parish where the wrongful conduct occurred. Therefore Ascension Parish is the proper venue in this case. When an action is brought in a court of improper venue, an appellate court has the discretion to dismiss the action or, in the interest of justice, transfer it to a court of proper venue. LSA-C.C.P. art. 121; Belser, 509 So.2d 12, 20. We elect to transfer this case to a proper venue.
Accordingly, the judgment of the trial court overruling the declinatory exception of venue is reversed, and the exception is maintained. We thereby remand this action to the Twenty-first Judicial District Court for further proceedings. The clerk of Tangipahoa Parish is ordered to transfer the record in these proceedings to the Clerk of Court for Ascension Parish.
REVERSED AND REMANDED.

. After analyzing this court’s decision in Belser v. St. Paul Fire & Marine Ins. Co., 509 So.2d 12 (La.App. 1st Cir.1987), the trial court concluded that because the wrongful conduct was an act of omission rather than of commission, the damages were sustained in Tangipahoa Parish where the plaintiffs resided and not in Ascension Parish where the eye examination took place.