635 So.2d 254 (1994)
Michael JOHNSON
v.
Darryl J. TSCHIRN and the Home Insurance Company.
No. 94-C-0085.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1994.
Rehearing Denied May 12, 1994.
Jacques F. Bezou, Jacqueline M. Daspit, DeRussy, Bezou & Matthews, New Orleans, for Michael Johnson.
Roy J. Rodney, Elizabeth P. Blitch, McGlinchey Stafford Lang, New Orleans, for Darryl J. Tschirn and The Home Ins. Co.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
SCHOTT, Chief Judge.
On the application of Michael Johnson we grant certiorari in order to consider the validity of a judgment sustaining the declinatory exception of improper venue filed by Darryl J. Tschirn and transferring the case to Jefferson Parish.
This is a legal malpractice claim filed by plaintiff-relator, Michael Johnson, a domiciliary of Orleans Parish, in the Civil District Court for the Parish of Orleans. Made defendants were Darryl J. Tschirn, a domiciliary of Jefferson Parish and his insurer. Plaintiff employed Tschirn to prosecute a claim which arose out of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Tschirn filed the suit in the United States District Court, Eastern District of Louisiana, New Orleans Division. The suit was eventually dismissed on a motion for summary judgment. Plaintiff alleged in his malpractice petition that Tschirn negligently responded to the motion for summary judgment by failing to conduct timely discovery and to file appropriate documents which would have defeated the motion and prevented dismissal of his suit.
Although plaintiff is domiciled in New Orleans, Tschirn is domiciled in Jefferson Parish where his office is located and where plaintiff employed him. Furthermore, the underlying cause of action in federal court arose out of an accident which occurred at plaintiff's workplace in Jefferson Parish. However, the suit was pending in New Orleans where the papers allegedly would have been filed in opposition to the motion for summary judgment, but for Tschirn's negligence.
Chambers v. LeBlanc, 598 So.2d 337 (La. 1992) involved an exception of venue to a *255 legal malpractice action brought in Livingston Parish, plaintiff's domicile, against an attorney domiciled in Iberville Parish but practicing in Ascension Parish, for failing to file a timely suit in East Baton Rouge Parish. The court held that the wrongful conduct occurred either in Ascension Parish or East Baton Rouge Parish, but clearly not in Livingston Parish which was not a parish of proper venue under C.C.P. art. 74 even though plaintiff was domiciled there.
In the present case plaintiff is domiciled in New Orleans, but the basis of venue in the Civil District Court is that the defendant's alleged wrongful conduct occurred in New Orleans when plaintiff allegedly failed to file timely, appropriate documents in the federal court where plaintiff's action was pending. Tschirn argues that the federal court is not located in New Orleans, but occupies the entire Eastern District of Louisiana including Jefferson Parish so that the allegedly wrongful conduct occurred in Jefferson as well as New Orleans. This argument is without merit because the required conduct in question, the filing of documents, had to take place at the federal courthouse in New Orleans. Therefore, the wrongful conduct of non-filing took place in New Orleans just like the non-filing of a timely suit took place in East Baton Rouge Parish in the Chambers case.
Accordingly, the judgment of the trial court sustaining the exception of venue is reversed and set aside and there is judgment in favor of plaintiff, Michael Johnson, and against defendant, Darryl J. Tschirn, overruling his exception of venue at his cost.
REVERSED AND RENDERED.