# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW05-69

**BELWISE AQUACULTURE SYSTEMS, INC., ET AL**

**VERSUS**

**PAUL A. LEMKE, III, JACK F. OWENS, JR.
AND CONTINENTAL CASUALTY COMPANY**

\*\*\*\*\*\*\*\*\*\*

**ON APPLICATION FOR SUPERVISORY WRITS FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,900
HONORABLE F. RAE SWENT, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

**Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Oswald A. Decuir, Marc T. Amy, and Elizabeth A. Pickett, Judges.**

   **WRIT GRANTED AND MADE PEREMPTORY.  EXCEPTION OF IMPROPER VENUE MAINTAINED. REMANDED WITH INSTRUCTIONS.**

**SAUNDERS, J., dissents.**

   **William H. Parker, III**
   **Allen & Gooch**
   **Post Office Drawer 3768**
   **Lafayette, LA   70502-3768**
   **(337) 291-1270**
   **COUNSEL FOR DEFENDANTS/RELATORS:**
        **Continental Casualty Company**
        **Paul A. Lemke, III**
        **Jack F. Owens, Jr.**

   **Charles D. Elliott**
   **Faircloth, Vilar & Elliott**
   **Post Office Box 12730**
   **Alexandria, LA   71315-2730**
   **(318) 442-9533**
   **COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
        **Belwise Aquaculture Systems, Inc.**
        **Jimmie Belgard**
        **Trudy Tyler Belgard**

AMY, Judge.

The plaintiffs filed suit for legal malpractice in Rapides Parish. The defendant filed an exception of improper venue, asserting that venue was appropriate only in the parish of his legal practice, Catahoula Parish. The trial court overruled the exception. The defendant filed an application for supervisory writs. The matter was designated for the rendition of a writ opinion. For the following reasons, we reverse the trial court, maintain the exception of improper venue, and remand the matter to the trial court for transfer to Catahoula Parish.

**Factual and Procedural Background**

The submission establishes that the plaintiffs, Belwise Aquaculture Systems, Inc., Jimmie Belgard and Trudy Tyler Belgard, were represented by Paul A. Lemke in a matter filed in December 2000 in the United States District Court, Western District of Louisiana. The petition was filed in Monroe, Louisiana. The case was transferred to the Alexandria Division and was dismissed upon a motion for summary judgment in December 2001.

The plaintiffs filed the instant legal malpractice action in August 2004 in the Ninth Judicial District Court, Parish of Rapides. Mr. Lemke, his law partner, and his malpractice insurer were named as defendants. The plaintiffs alleged that the petition drafted by Mr. Lemke did not include all of the claims that they had wished to pursue. They assert that these omitted claims are prescribed or barred by res judicata.

The defendants filed an exception of improper venue. The trial court overruled the exception of improper venue. The defendants filed the instant writ application, seeking review.

**Discussion**

The defendants question the overruling of the exception of improper venue and argue that venue was appropriate only in the parish of their law practice and domicile, Catahoula Parish. They contend that insofar as the claim is a malpractice action for

failure to file a claim, that the act of omission occurred in Catahoula Parish where the pleading was drafted. The plaintiffs argue that venue is appropriate in Rapides Parish as it is the parish where they live and their business is located; therefore, this is the parish where their damages were incurred.

With regard to venue, La.Code Civ.P. art. 42 provides the general guidelines of venue, stating in Paragraph (1) that an action against an individual domiciled in the state "shall be brought in the parish of his domicile[.]" The general guidelines of Article 42 are subject to the exceptions contained in "Articles 71 through 85 and otherwise provided by law." La.Code Civ.P. art. 43. Relevant to this action is La.Code Civ.P. art. 74, which provides that: "An action for the recovery of damages for an offense or quasi offense may be brought *in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained*." (Emphasis added.)

The Louisiana Supreme Court considered the issue of venue in a legal malpractice case in *Chambers v. LeBlanc*, 598 So.2d 337 (La.1992), wherein the legal malpractice action was brought in the plaintiffs' domicile, Livingston Parish. The defendant attorney was domiciled in Iberville Parish and practiced in Ascension Parish. The suit alleged that the defendant failed to file a timely suit in East Baton Rouge Parish. The trial court overruled the exception on the basis that the plaintiffs sustained damages in Livingston Parish. This finding would make venue appropriate under La.Code Civ.P. art. 74. The supreme court reversed the trial court's determination and maintained the exception, stating:

> When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of the plaintiff's domicile. *Belser v. St. Paul Fire & Marine Insurance Co.*, 509 So.2d 12 (La.App. 1st Cir.1987). Here, the wrongful conduct occurred either in Ascension Parish or East Baton Rouge

2

Parish, but clearly not in Livingston Parish, which is therefore not a parish of proper venue under Article 74.

*Id.* at 337-38.[1]

The defendants argue that *Chambers* stands for the proposition that when the claim of malpractice focuses upon an allegation that the attorney failed to do something, the inquiry must focus on *where* that attorney would have performed the allegedly tortious activity. The defendants point to testimony indicating that Mr. Lemke only traveled to Rapides Parish during the appellate portion of the underlying federal matter. This visit was to obtain signatures from the plaintiffs. Furthermore, any filings in the case were made at the federal courthouse in Monroe, not Alexandria. In support of their position, the defendants reference several medical malpractice cases in which venue was found appropriate in the parish of the negligent treatment/diagnosis and where, therefore, damages were set in motion rather than in the parish where damages manifested themselves. *See, e.g., Williams v. Ochsner Clinic*, 97-2275 (La.App. 4 Cir. 10/29/97), 701 So.2d 744, *writ denied*, 97-2903 (La. 2/20/98), 709 So.2d 774; *Keele v. Knecht*, 621 So.2d 106 (La.App. 2 Cir. 1993); *Daniels v. Rachal*, 610 So.2d 967 (La.App. 1 Cir. 1992).

The defendants also point to *Frisard v. State Farm Fire & Cas. Co.*, 02-987 (La.App. 5 Cir. 1/28/03), 837 So.2d 706, *writ denied*, 03-969 (La. 5/16/03), 843 So.2d 1138, a legal malpractice action brought in Jefferson Parish. The plaintiff alleged that the defendant failed to file pleadings in a suit filed in Jefferson Parish. The defendant attorney filed an exception of improper venue asserting that venue was appropriate in St. Tammany Parish, the parish of his domicile and the location of his

---

[1]In overruling the exception of improper venue, the trial court referenced *Chambers,* stating:

The Exception of Venue is denied under the authority of *Chambers v. LeBlanc* 598 So.2d 337 (La. 1992). As the court understands local federal procedure, pleadings may be filed in Monroe but will be redirected to Alexandria as the appropriate federal venue in the Western District. That is precisely what happened in this case.

practice. The trial court maintained the exception and transferred the matter to St. Tammany Parish. The fifth circuit affirmed, citing *Chambers* for the proposition that venue in a legal malpractice action is proper in the parish where the wrongful conduct occurred. The fifth circuit noted that the plaintiff argued that the wrongful conduct occurred in Jefferson Parish where the defendant allegedly failed to file certain pleadings in a pending case. The fifth circuit concluded that this allegation alone failed to establish that any wrongful conduct occurred in Jefferson Parish. Rather, the fifth circuit concluded that any alleged wrongful conduct occurred at the defendant's law office in St. Tammany Parish.

The plaintiffs assert that the trial court's overruling of the exception of improper venue is supported by *Johnson v. Tschirn*, 94-85 (La.App. 4 Cir. 2/25/94), 635 So.2d 254, *writ denied*, 94-1534 (La. 9/23/94), 642 So.2d 1300. In *Johnson*, the plaintiff filed a legal malpractice suit against the defendant attorney in Orleans Civil District Court, the parish of the plaintiff's domicile. In the underlying legal representation, the defendant had filed suit for the plaintiff in the United States District Court, Eastern District of Louisiana, New Orleans Division. This matter was dismissed on summary judgment. According to the plaintiff's malpractice claim, the dismissal was based on the defendant's failure to conduct discovery and file appropriate support for the suit. The defendant was domiciled in and practiced in Jefferson Parish.

The defendant in *Johnson*, 635 So.2d 254, filed an exception of improper venue, claiming that Jefferson Parish was the appropriate venue as this was the parish of his practice and domicile. Furthermore, it was the situs of the work-related accident at issue in the federal litigation. Furthermore, the defendant argued that the federal court was not located only in Orleans Parish, but the entire Eastern District of Louisiana. Therefore, the failure to file occurred in Jefferson Parish as well. The

4

trial court granted the defendant's exception of improper venue. The fourth circuit reversed the trial court, finding that venue was appropriate in Orleans Parish as the failure to file the documents necessarily took place at the federal courthouse in New Orleans. Therefore, the fourth circuit concluded, the wrongful conduct occurred in Orleans Parish.

Our review of the jurisprudence, the Code of Civil Procedure, and the transcript of the venue hearing indicates that the trial court erroneously overruled the exception of improper venue. The tortious conduct in this case is based on a negligently drafted petition for damages. According to Mr. Lemke's testimony, the petition was drafted at his office in Catahoula Parish. In *Johnson*, 635 So.2d 254, the fourth circuit case relied upon by the plaintiffs, the situs of the alleged legal malpractice was not nearly as clear cut as it involved failure to act which would not necessarily have arisen from the place of the attorney's practice. This is demonstrated by the fourth circuit's statement that: "[T]he required conduct in question, the filing of documents, had to take place at the federal courthouse in New Orleans." *Id.* at 255. In the present case, however, any omission would have occurred at the time the pleading was drafted, not at the time the pleading was filed. Although the allegedly deficient filing took place in Monroe, it could have been filed in Alexandria or elsewhere in the Western District. It was only later transferred to Alexandria. Therefore the plaintiff's cause of action arose in Catahoula Parish, even though damage may have later "migrated" to another parish. *See Yarnell v. Crews*, 01-2523 (La. 12/14/01), 803 So.2d 979, *citing Chambers*, 598 So.2d 337. As both the allegedly wrongful conduct and the damages arose in Catahoula Parish, venue is only appropriate in that parish.

**DECREE**

For the foregoing reasons, the judgment of the trial court overruling the exception of improper venue is reversed. The exception as to venue is maintained. The case is remanded to the trial court for transfer of the matter to Catahoula Parish.

**WRIT GRANTED AND MADE PEREMPTORY. EXCEPTION OF IMPROPER VENUE MAINTAINED. REMANDED WITH INSTRUCTIONS.**