779 So.2d 817 (2000)
NITRO GAMING, INC., Plaintiff-Appellant,
v.
D.I. FOODS, INC., William K. Hoffoss, John Lee Hoffoss and Charlotte Hoffoss Lott, Defendants-Appellees.
No. 34,301-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
*819 Davidson, Nix & Jones by Randall S. Davidson, Grant E. Summers, Shreveport, Counsel for Appellant.
Johnson & Johnson by Eric G. Johnson, James M. Johnson, Minden, Counsel for Appellees.
Before NORRIS, WILLIAMS and KOSTELKA, JJ.
KOSTELKA, J.
Nitro Gaming, Inc. ("Nitro") appeals the trial court judgment sustaining the exceptions of improper venue filed on behalf of the defendants, D.I. Foods, Inc. ("DIF"), William K. Hoffoss, John Lee Hoffoss (collectively, "the Hoffosses") and Charlotte Hoffoss Lott ("Lott") and ordering transfer of the suit to Webster Parish. Finding error in the trial court's ruling, we reverse and remand for further proceedings.

FACTS
On November 3, 1997, Nitro and DIF, through its officers, the Hoffosses, entered into a Video Poker Participation Agreement which gave Nitro the exclusive right to install video poker devices at a Dixie Inn, Louisiana restaurant called Hamburger Happiness. The restaurant was to be converted into a truck stop facility. Hamburger Happiness is owned by the Hoffosses and operated by DIF. The property on which the restaurant is located is owned by the Hoffosses and their sister, Lott. As part of the agreement, Nitro agreed to fund a significant portion of the remodeling of Hamburger Happiness which was necessary to fulfill Louisiana statutory requirements for the installation of video poker devices at the future truck stop facility. On April 8, 1998, the parties agreed to an increase in the estimated cost of the truck stop construction. Disputes arose between the parties regarding the execution and terms of the agreements. Subsequently, DIF and the Hoffosses contracted with another entity for the installation of the video devices and funding of the truck stop project.
On September 30, 1998, Nitro instituted suit in Caddo Parish, Louisiana against DIF, the Hoffosses, Lott and a then unknown entity, for breach of contract, tortious conspiracy to interfere with Nitro's contract rights, fraud, breach of fiduciary duty and violation of the Unfair Trade Practices and Consumer Act based upon the original agreement of November 3, 1997, and its amended terms of April 8, 1998.
Lott filed a declinatory exception of improper venue on October 14, 1998. DIF and the Hoffosses filed their separate exception of improper venue on October 23, 1998. The exceptions argued that under the general venue provisions, venue was proper in Webster Parish, Louisiana, because each defendant was domiciled there and the registered office of DIF was located in Webster Parish. After numerous continuances, the exceptions were fixed for May 8, 2000, to be submitted on briefs without oral argument.
On May 5, 2000, with leave of court, Nitro filed a First Amending and Supplemental Petition which alleged that on December 31, 1998, Nitro and DIF, via the Hoffosses entered into a new Video Poker Participation Agreement which DIF breached. The record shows no answer to the supplemental petition.
On May 9, 2000, DIF and the Hoffosses answered the original petition and filed a reconventional demand against Nitro claiming damages for the wrongful encumbrance of the subject property and interference with the execution of the defendants' contract rights.
After the trial court sustained the venue exceptions without reasons by judgment dated May 8, 2000, and ordered transfer of *820 the suit to Webster Parish, this appeal ensued.

DISCUSSION
On appeal Nitro argues that because the pleadings alleged sufficient facts to support venue in Caddo Parish, Louisiana, and the defendants produced inadmissible hearsay evidence via affidavits to prove the grounds for the exception, the trial court erred in granting the venue exception. Nitro also argues that the trial court erred in failing to conduct an evidentiary hearing and that the supplemental petition, which asserts the breach of a third agreement between the parties, "mooted" the venue exceptions which were directed toward the November 3, 1997 and April 8, 1998 agreements only.

Evidentiary Hearing
We first address and reject Nitro's complaint regarding the necessity of an evidentiary hearing in this matter. Civil Division Rule 7, § 1 of the First Judicial District Court provides that the order attached to an exception "shall set forth whether evidence will be required at the hearing." A review of the order submitted with defendants' exception reveals a preprinted, stamped notice which stated, "This matter is to be submitted on briefs without oral argument." While it is unclear who placed the notice on the order, it is clear that no objection to it was made by Nitro. In fact, later orders submitted by the attorney for Nitro resetting the exceptions acknowledge that the exceptions were to be submitted on briefs without oral argument. From these facts, we find that not only did Nitro fail to object to the lack of an evidentiary hearing, but also acquiesced to the submission of the exceptions on briefs. These actions constitute a waiver of the evidentiary hearing from which Nitro cannot now complain.

Venue Exception
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. The general rules of venue are enunciated in La. C.C.P. art. 42, which, in terms relevant to the present action, provides that a person must be sued at his domicile and a domestic corporation in the parish of its registered office.
These general provisions are subject to the exceptions provided in La. C.C.P. arts. 71 through 86 and as otherwise provided by law. La. C.C.P. art. 43. These exceptions have been held to be "part and parcel" of the general venue rule and are no longer strictly construed. Cacamo v. Liberty Mutual Fire Ins. Co., 99-3479, 3480, 3481 (La.06/30/00), 764 So.2d 41; Jordan v. Central Louisiana Elec. Co., 95-1270 (La.06/23/95), 656 So.2d 988. If the grounds for the objection of improper venue do not appear on the face of the plaintiff's petition, the burden is on the defendant to offer evidence in support of his position. Jewell v. Dudley Moore Ins. Co., 95-2453 (La.App. 1st Cir.06/28/96), 676 So.2d 223, writ denied, 96-2015 (La.11/08/96), 683 So.2d 273; Ross v. Schultz, 542 So.2d 125 (La.App. 1st Cir. 1989); Vital v. State, 522 So.2d 151 (La. App. 4th Cir.1988), writ denied, 526 So.2d 806 (La.1988). For purposes of the venue exception, the plaintiff's allegations are taken as true. Cacamo, supra.
Because venue is a question of law, on review, the appellate court should conduct a de novo review of the record. Bloomer v. Louisiana Workers' Compensation Corp., 99-0707 (La.App. 1st Cir.05/12/00), 767 So.2d 712.
Nitro specifically urges the application of La. C.C.P. art. 76.1 to establish venue in Caddo Parish. In pertinent part, the general venue exception of La. C.C.P. art. 76.1 provides that an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract. The article is not facially ambiguous and does not restrict or limit its *821 applicability to actions on certain types of contracts or to situations where a "substantial" or some other measurable amount of the contractual work or service was performed or was to be performed in the parish where the action is brought. Coleman v. Fisher Lumber Corp. 28,446 (La. App.2d Cir.06/26/96), 677 So.2d 678, writ denied, 96-1789 (La.09/03/96), 678 So.2d 558.
Because the venue exceptions were directed toward the original petition only, and there has been no dismissal of those claims, we find it appropriate to initially direct our analysis to the original pleadings.
Nitro's original petition alleges that at least a portion of the contract was executed in Caddo Parish and DIF failed to act in good faith in approving Plaintiff's proposed plans relating to the November 3, 1997 agreement. Accepting these allegations as true for the purposes of this exception, we find that Nitro has adequately asserted a claim for breach of the November 3, 1997 agreement. Jordan, supra. Moreover, Nitro specifically alleged that after it entered into that agreement with DIF, it "[C]reated specifications for the Truck Stop ... had plans drawn up for the facility, ... and solicited bids for the installation of fuel tanks, pumps and fuel service area...." Nitro clearly alleges that "All of this work was done at [Nitro's] offices in Caddo Parish."
We agree that these facts are sufficient to place the case under the "work or service" portions of La. C.C.P. art. 76.1. Accordingly, the defendants bore the burden of presenting evidence in support of their position that Webster Parish is the proper venue.
Nitro also takes issue with the trial court's consideration of affidavits in support of the defendants' position. Indeed, an affidavit is generally inadmissible as hearsay. Arkla, Inc. v. Maddox and May Bros. Casing Service, Inc., 624 So.2d 34 (La.App. 2d Cir.1993). Nevertheless, the record reveals no objection by Nitro to the use of the affidavits in support of the venue exception. Indeed, Nitro acquiesced in the use of affidavits in its Motion for Continuance filed April 14, 2000. Nitro submitted its own affidavits in opposition to the exception. The general rule is that a rule of evidence not invoked is waived, and hence a failure to object to evidence waives the objection to its admissibility. A failure to object to hearsay or secondary evidence, when admitted at trial, constitutes a waiver of the objection and the evidence is admissible; such evidence may then be considered and given probative effect. The aggrieved party may not subsequently, upon appeal, urge that such evidence was actually inadmissible. Creger v. Robertson, 542 So.2d 1090 (La.App. 2d Cir.1989). Accordingly, we decline to find merit to Nitro's argument that the trial court erroneously considered affidavits in its venue determination.
Even so, we cannot find that the affidavits presented by the defendants are adequate to prove venue is not proper in Caddo Parish. Regarding the issue of work or service performed under the contract, the only evidence utilized to counter the assertions of Nitro that it had performed such work was the joint affidavit of John and William Hoffoss. We find the statement that "[T]hey are unaware of any substantial performance of any of these contracts by Nitro Gaming, Inc ...." insufficient to support the defendants' position that venue is only proper in Webster Parish. Clearly, the language of La. C.C.P. art. 76.1 is broad enough to encompass less than "substantial" work. See Coleman, supra. Moreover, the defendants' lack of awareness is insufficient to qualify as positive proof that Nitro performed no work under the contract in Caddo Parish. This conclusion is further buttressed by the affidavit of Harold Rosbottom, Jr., submitted by Nitro in opposition to the venue exception, which reiterates that in accordance with the November 3, 1997 agreement, *822 employees of Nitro created specifications, had design plans and cost estimates drawn up, and solicited bids for the installation of fuel equipment; this activity allegedly occurred in Caddo Parish, Louisiana. Under these circumstances, we find Caddo Parish is a proper venue for the action.
Moreover, we find that the supplemental petition is also sufficient to support venue in Caddo Parish, Louisiana. Nitro filed its supplemental petition on May 5, 2000, seeking damages for the alleged breach of a third agreement between the parties. Accordingly, the claims asserted in the supplemental petition were incorporated into the original suit. The defendants were sent notice of the supplemental pleadings on May 5, 2000. In its opposition to the venue exceptions, which was filed into the record on May 8, 2000, Nitro clearly asserted that venue was proper in Caddo Parish based upon the supplemental pleadings. The defendants failed to address this issue either in their May 9, 2000 supplemental memorandum in support of the venue exception or in any other subsequent pleading. Nor were the original exceptions ever amended to include the supplemental pleadings.
Under these circumstances, we find that Nitro adequately placed the issue of whether the Caddo Parish venue was supported by the supplemental pleadings before the court.[1]
In the supplemental petition, Nitro specifically alleged that the third contract which forms the basis for the amended petition was executed in Caddo Parish, Louisiana. Moreover, in connection with the December 31, 1998 agreement is a document entitled Addendum and Conditional Acceptance of Contracts, which clearly states that it was signed in Webster, Bossier and Caddo Parishes. Defendants have presented no evidence to refute these allegations. These pleadings are, therefore, on their face, adequate to support venue in Caddo Parish under La. C.C.P. art. 76.1.
And, of course, the doctrine of ancillary venue applies to the other claims and parties for whom Caddo Parish would not otherwise be a proper venue, making Caddo Parish the proper venue for the entire action. Underwood v. Lane Memorial Hospital, 97-1997 (La.07/08/98), 714 So.2d 715.
For the foregoing reasons, the judgment of the trial court sustaining defendants' exception is reversed at appellees' costs. The case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
WILLIAMS, J., concurs.
NOTES
[1] Of course, without reasons for judgment, it is impossible to determine whether the trial court's rejection of Nitro's arguments included the consideration of the supplemental pleadings. Because, however, we find that Nitro sufficiently raised the issue in the trial court, we consider this argument in our de novo review.