837 So.2d 706 (2003)
Dan C. FRISARD
v.
STATE FARM FIRE AND CASUALTY COMPANY, et al.
No. 02-CA-987.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
Rehearing Denied March 5, 2003.
*707 Dan C. Frisard, Metairie, LA, pro se.
Thomas G. Buck, Metairie, LA, for Porteous, Hainkel, Johnson and Sarpy Law Firm, L.L.P. and William Lozes, Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
ROTHSCHILD, Judge.
This is an appeal from a judgment of the trial court granting defendants' exception of improper venue. For the following reasons, we affirm the trial court's judgment.
Plaintiff, Dan Frisard, brought the present lawsuit for breach of contract and malpractice against the following defendants: State Farm Fire and Casualty Company, the law firm of Porteous, Hainkel, Johnson and Sarpy, and attorneys William Lozes and David Sirera. The petition alleged that as the liability insurer of plaintiff, State Farm appointed the Porteous law firm to legally defend plaintiff in several lawsuits brought against him in the 22nd and the 24th Judicial District Courts. Plaintiff's defense was handled for the Porteous firm by attorneys Lozes and Sirera. Plaintiff alleged in his petition that State Farm breached its contract to provide him with independent competent legal counsel and that the attorneys' actions in failing to properly defend plaintiff in these lawsuits constituted malpractice.
Plaintiff's lawsuit was filed in the 24th Judicial District Court in Jefferson Parish. State Farm subsequently filed an answer to this petition generally denying the allegations therein. Thereafter, William Lozes and the Porteous firm filed an exception of improper venue and a motion to transfer the case to the 22nd Judicial District Court where Mr. Lozes was domiciled.[1] By judgment rendered on May 31, 2002, the trial court granted this exception and ordered that the case be transferred to St. Tammany Parish. In its reasons for judgment, the trial court relied on the *708 general rules of venue contained in La. C.C.P. art 42 which state that suit against an individual domiciled in the state of Louisiana shall be brought in the parish of his domicile. The court determined that the domicile of the primary defendant, Mr. Lozes, was in St. Tammany Parish, and that suit against him should have been brought in that parish.
By this appeal, Mr. Frisard contends that the trial court erred in failing to apply the exceptions to the general venue rules contained in La. C.C.P. articles 74 and 76.
The general rules of venue provide that suit against an individual who is domiciled in the state shall be brought in the parish of his domicile. La. C.C.P. art. 42. Plaintiff relies on an exception to this general rule, La. C.C.P. art. 74, which provides in part as follows:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained ...
The Louisiana Supreme Court has held that in a malpractice action, venue is proper in the parish where the wrongful conduct occurred. Chambers v. LeBlanc, 598 So.2d 337, 337-338 (La.1992). Appellant contends that the wrongful conduct in this case as alleged in the petition occurred in Jefferson Parish when defendants failed to file certain pleadings in the case filed against him in the 24th Judicial District Court, and that venue is therefore proper in Jefferson Parish based on article 74. We disagree.
The record in this matter indicates that the defendant, Mr. Lozes, is a resident of St. Tammany Parish. His law office and his entire practice are located in St. Tammany Parish. Mr. Lozes performs all of his legal work in St. Tammany Parish, and neither Mr. Lozes nor his law firm have an office in Jefferson Parish.
Paragraph 22 of plaintiff's petition contains a listing of the basis for his malpractice claims against Mr. Lozes and his law firm. The majority of the allegations in this paragraph relate to actions in the 22nd Judicial District Court in St. Tammany Parish. Although plaintiff also asserts that defendants failed to file pleadings on his behalf in the Jefferson Parish suit, this allegation alone fails to establish that defendants' alleged wrongful conduct occurred in Jefferson Parish. Rather, a review of the record in this matter indicates that any alleged wrongful conduct on the part of defendants occurred in St. Tammany Parish where their law offices were located. In this case, the acts or failure to act on the part of defendants occurred in their law offices where they handled the defense of the lawsuits filed against Mr. Frisard.
Based on the evidence of record, we find no manifest error in the trial court's determination that Jefferson Parish was an improper venue for this case. Indeed, the evidence is overwhelming that Mr. Frisard's malpractice action against Mr. Lozes and his firm arose in St. Tammany Parish.
Appellant also contends that venue is proper in Jefferson Parish pursuant to La. C.C.P. art. 76. However, the present suit does not constitute an "action on an insurance policy" as referred to in that article. In this case, the insurer provided the insured with defense counsel as required by the contract, and this is not a case wherein the insured is seeking to collect on an insurance policy as contemplated by La. C.C.P. art. 76.
Thus, our review of the record in this case indicates that appellant has failed to establish the applicability of any of the exceptions to the general rule of venue *709 requiring suit to be brought against an individual in the parish of his domicile. La. C.C.P. art. 42. Accordingly, the judgment of the trial court maintaining defendants' exception of venue and transferring this case to the 22nd Judicial District Court is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] Attorney David Sirera was not named in this motion.