902 So.2d 1142 (2005)
CLARENDON NATIONAL INSURANCE COMPANY, Plaintiff-Applicant
v.
William S. CARTER, Jr., et al., Defendant-Respondent.
No. 39,622-CW.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1143 Michelle R. Demarest, Jacques F. Bezou, Covington, for Applicant.
James H. Gibson, Lafayette, for Respondents, William S. Carter, Jr. and Dawkins & Carter.
Edward O. Taulbee, IV, Lafayette, for Respondents, Cyd Sheree Page and Voorhies & Labbé.
Before WILLIAMS, CARAWAY and MOORE, JJ.
WILLIAMS, J.
This court granted a writ and docketed this matter for decision after reviewing the application for supervisory writ of the plaintiff, Clarendon National Insurance Company ("Clarendon"). The plaintiff complained that the trial court erred in granting a declinatory exception of venue filed by the defendants, William S. Carter, Jr. and Dawkins & Carter, A Professional Corporation ("Carter").[1] For the following reasons, the judgment of the trial court is affirmed. The writ is recalled and the matter is remanded for further proceedings.

*1144 FACTS
Clarendon brought this legal malpractice action against Carter and Cyd Sheree Page and Voorhies & Labbé, A Professional Law Corporation ("Page") in Ouachita Parish. Carter's law offices are located in Lincoln Parish; Page's law offices are located in Ouachita Parish. Clarendon had retained Carter and Page to represent Clarendon and its insured in the matter entitled Michael D. Smith v. Littleton Truck Lines, Inc. and ABC Insurance Company, et al. ("Smith matter") in the Fourth Judicial District Court in Ouachita Parish. Clarendon alleged in its malpractice petition that Carter and Page negligently failed to present an adequate defense by not pleading "fault of a third party" as an affirmative defense.
Carter filed three exceptions, including an exception of venue. Carter argued that since Clarendon alleged in its petition that Carter failed to properly plead an answer, and since such pleading would have been drafted at Carter's law offices in Lincoln Parish, venue was proper in Lincoln Parish.
Subsequently, the trial court signed a judgment, sustaining Carter's exception of venue. Clarendon then filed a motion for new trial to challenge the sustention of Carter's exception of venue and to correct substantive errors in the judgment. After a hearing on the motion for new trial, the trial court granted the motion in part and denied the motion in part. The trial court maintained Carter's exception of venue and transferred the case to Lincoln Parish. Clarendon sought supervisory relief from this court. This court granted a supervisory writ and docketed this case for decision.

DISCUSSION
Clarendon contends the trial court erred in finding that Ouachita Parish is not the proper venue for this legal malpractice suit against Carter. First, Clarendon argues that Ouachita Parish is the proper venue for Carter under LSA-C.C.P. art. 73, which provides that the proper venue under LSA-C.C.P. art. 42 as to one joint obligor is the proper venue as to the other joint obligor. Clarendon argues that it has alleged sufficient facts to establish a prima facie case of a joint venture between Carter and Page to represent Clarendon in the Smith matter. Clarendon argues that under LSA-C.C.P. art. 42, venue is proper in Ouachita Parish for the lawsuit against Carter because Page's law offices are located in Ouachita Parish and Page and Carter are jointly liable. Secondly, Clarendon cites Johnson v. Tschirn, 94-0085 (La.App. 4th Cir.2/25/94), 635 So.2d 254, writ denied, 94-1543 (La. 9/23/94),3 642 So.2d 1300, and argues that Ouachita Parish is the proper venue for the lawsuit against Carter because Carter failed to file the proper pleadings asserting the affirmative defense of "fault of a third party" in Ouachita Parish, where the Smith suit was filed and where the alleged "wrongful conduct" occurred.
Carter contends Clarendon did not allege facts in its petition sufficient to establish that there was a joint venture between Carter and Page, and Clarendon's allegation that there was a joint venture is an unsupported legal conclusion. Carter cites Frisard v. State Farm Fire and Casualty Company, 02-987 (La.App. 5th Cir.1/28/03), 837 So.2d 706, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1138, and argues that since Clarendon's petition alleges that Carter failed to plead "fault of a third party" in the Smith matter, and since all pleadings would have been drafted in Carter's law offices in Lincoln Parish, the proper venue for the lawsuit against Carter is Lincoln Parish, i.e., the *1145 parish where the alleged "wrongful conduct" occurred.
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. LSA-C.C.P. art. 41. The general rules for "proper venue as to the defendant" are found in LSA-C.C.P. art. 42. LSA-C.C.P. art. 43 states that the general venue rules in Article 42 are subject to the exceptions contained in LSA-C.C.P. arts. 71-85 and as otherwise provided by law. Saldana v. State Farm Mutual Automobile Insurance Company, 39,094 (La.App. 2d Cir.12/15/04), 889 So.2d 1170.
The objection of improper venue is raised by a declinatory exception. LSA-C.C.P. art. 925. If the grounds for the objection of improper venue do not appear on the face of the plaintiff's petition, the burden is on the defendant to offer evidence in support of his position. For purposes of the venue exception, the plaintiff's allegations are taken as true. Saldana v. State Farm Mutual Automobile Insurance Company, supra. In this case, Carter offered no evidence, but simply challenged Clarendon's choice of venue based upon the allegations of the petition. Accepting those allegations as true, we address venue as a question of law. See Loftin v. Champion Imports, L.L.C., 35,619 (La.App. 2d Cir.2/27/02), 810 So.2d 1230.
An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. LSA-C.C.P. art. 73. Clarendon argues that LSA-C.C.P. art. 73 is applicable since Page and Carter are jointly liable to Clarendon, because, Clarendon retained their services in the Smith matter, they worked together to provide Clarendon with a defense and they entered into a joint venture to represent Clarendon and its insured.
A joint venture results from the undertaking by two or more persons to combine their efforts, knowledge, property or labor to engage in and carry out a single business venture for joint profit. There must be a sharing of the profits and losses with each party having some right of control over the business. Riddle v. Simmons, 589 So.2d 89 (La.App. 2d Cir. 1991), writ denied, 592 So.2d 1316 (La. 1992); American Fidelity Fire Insurance Company v. Atkison, 420 So.2d 691 (La. App. 2d Cir.1982).
Based on our review of this record, particularly of Clarendon's petition, we find that Clarendon has failed to allege facts sufficient to establish that a joint venture existed between Page and Carter, namely, that there was an agreement between Page and Carter to combine their efforts to represent Clarendon and its insured and to share in the profits and losses resulting from such representation. Instead, Clarendon has only alleged that it separately and individually retained Page and Carter for representation in the Smith matter. Consequently, there is no joint venture between Page and Carter, and LSA-C.C.P. art. 73 is not applicable to this case.
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained. LSA-C.C.P. art. 74. In Chambers v. LeBlanc, 598 So.2d 337 (La.1992), the supreme court examined venue in the context of a legal malpractice action. The action was brought in Livingston Parish, the plaintiff's domicile, against an attorney who was domiciled in Iberville Parish and practiced in Ascension Parish, for failing to timely file a lawsuit in East Baton Rouge Parish. The supreme court stated that the wrongful *1146 conduct occurred in either Ascension Parish or East Baton Rouge Parish, but clearly not in Livingston Parish.
In Frisard v. State Farm Fire and Casualty Company, supra, the fifth circuit also examined venue in the context of a legal malpractice action. There, the plaintiff filed suit against an attorney in Jefferson Parish. The plaintiff alleged that the attorney failed to properly defend the plaintiff in several lawsuits filed in the 22nd and 24th Judicial District Courts. The attorney was a resident in St. Tammany Parish, and his law office and entire practice were located in St. Tammany Parish. Citing Chambers v. LeBlanc, supra, the fifth circuit found that the alleged failure to file the pleadings in Jefferson Parish alone failed to establish that the attorney's alleged wrongful conduct occurred in Jefferson Parish. Rather, the fifth circuit found that any alleged wrongful conduct on the part of the attorney occurred in St. Tammany Parish, where his law office was located and where he handled the defense of the lawsuits filed against the plaintiff.
After a thorough review of this record and the relevant case law, we agree with the fifth circuit in its conclusion that in a legal malpractice action based on the failure to file documents, the proper venue is the parish where the defendant attorney's law office is located because that is the parish where he or she handled the defense of the lawsuit and, thus, where the alleged wrongful conduct occurred. Clarendon's allegation that Carter failed to file pleadings on Clarendon's behalf in Ouachita Parish is insufficient to establish that Carter's wrongful conduct occurred in Ouachita Parish. Any alleged wrongful conduct by Carter occurred in Carter's law offices in Lincoln Parish, where Carter handled the defense of the lawsuit filed against Clarendon and its insured. Therefore, we find that the trial court was correct in maintaining the defendant's exception of improper venue and transferring the case to Lincoln Parish.

CONCLUSION
For the foregoing reasons, the trial court's judgment granting the defendants' exception of venue is affirmed. The writ granted by this court is recalled and the matter is remanded for further proceedings.
WRIT RECALLED; JUDGMENT AFFIRMED; CASE REMANDED.
NOTES
[1] Carter also filed exceptions of vagueness and failure to join indispensable parties, which the trial court overruled. The other defendants, Cyd Sheree Page and Voorhies & Labbé, A Professional Law Corporation ("Page"), filed exceptions of vagueness and failure to join indispensable parties. Page's exceptions also were overruled. During oral argument, counsel informed this court that the case against Page had been dismissed.