STEWART, J.
|,The plaintiffs, Jonathan Spencer Chumley and Shawna Woods Chumley (the “Chumleys”), filed an appeal and an application seeking supervisory review of two lower court judgments sustaining exceptions of improper venue asserted by the defendant, David White (“White”), in response to the Chumleys’ legal malpractice action filed against him in Caddo Parish (“Caddo”). This court granted the writ, docketed the matter for decision, and consolidated it with the pending appeal. Because we find that venue is proper in Caddo under La. C.C.P. art. -74, we reverse both judgments sustaining White’s exceptions and remand for further proceedings.
FACTS
In August 2005, the Chumleys filed suit for damages in Caddo against the sellers, home inspector, and real estate agent involved in their purchase of a home in the South Highlands neighborhood in Shreveport. After attorney David Szwak, who was representing the Chumleys, withdrew from the matter, the Chumleys hired White to represent them in opposing three pending motions for summary judgment that had been filed by the defendants. The motions were heard and granted by the trial court, thereby effectively dismissing the Chumleys’ claims. Aided by new counsel, the Chumleys filed a motion for a new trial on the grounds that the summary judgments were contrary to law and evidence and that newly discovered evidence should be considered. Noting that the newly discovered evidence was known to previous counsel and not presented, the trial court denied the motion for a new trial. The Chumleys appealed to this court, which ^affirmed the trial court’s dismissal of the Chumleys’ claims in Chumley v. Magee, 44,860 (La.App.2d Cir.2/17/10), 33 So.3d 345, writ denied, 2010-1125 (La.9/17/10), 45 So.3d 1046.
Alleging that White failed to properly oppose the three motions for summary judgment, the Chumleys filed a pro se legal malpractice suit against him on November 12, 2009, in Caddo. The main allegations in the petition concerned White’s representation of the Chumleys at the November 17, 2008, summary judgment hearing. They complained that he committed various acts and omissions in open court by failing to inform the trial court about the existence of two termite reports and by informing the trial court that “all pertinent documents, depositions, and records were already in the suit record” when not all the depositions and related exhibits had been offered. They also alleged that White failed to supplement the memoranda that had been filed in opposition to summary judgment and that he made promises and assurances he did not keep, namely, that he told them that they could trust him, that he “would handle this matter,” and that he would defeat the motions for summary judgment and then seek *41 mediation with the defendants. The Chumleys prayed for various damages resulting from the dismissal of the claims and for return of legal fees paid to White.
White responded to the Chumleys’ petition with an exception of improper venue. He asserted that Bossier Parish (“Bossier”), where he is domiciled and where his law office is located, is the place of proper venue under La. C.C.P. art. 42. In opposing the exception, the Chumleys argued that venue is governed by either La. C.C.P. art. 74, pertaining to offenses 13and quasi-offenses, or La. C.C.P. art. 76, pertaining to contracts. They asserted that under either provision, venue is proper in Caddo where White committed various acts and omissions and where they sustained damages.
A hearing on the exception was held on July 19, 2010, before Judge Ramon Lafitte. White testified that he met with the Chumleys in his office. He then obtained a continuance of the summary judgment hearing, filed a supplemental brief opposing summary judgment, and attended the hearing in Caddo. He testified that he prepared the supplemental brief and made all decisions on how to defend the Chumleys against summary judgment at his office. On cross-examination, White admitted any documents or memoranda in opposition to summary judgment would have been filed in Caddo and that he was required to appear there at the hearing on the motions. He maintained that he prepared his argument for court in his office and made no decisions while in the courtroom.
Mr. Chumley also testified. He stated that he met with White on August 14, 2008, about the redhibition suit in Caddo. He explained that three motions for summary judgment were pending when he and his wife engaged White to represent them. Chumley was present in court at the hearing on the motions for summary judgment. He stated that he spoke with another attorney that same day because he perceived that the hearing had gone badly. When counsel began to question Chumley about the allegations in the petition regarding White’s representation at the hearing, the trial court sustained an objection by White, who urged that the questioning was not relevant to venue as it addressed the merits of the malpractice claim.
|„Following arguments at the close of the hearing, Judge Lafitte determined that this court’s opinion in Clarendon National Ins. Co. v. Carter, 39,622 (La.App.2d Cir.5/11/05), 902 So.2d 1142, writ denied, 2005-1567 (La.1/27/06), 922 So.2d 544, “indicated that the proper venue is the location of the law office which is where all the decisions are made or the domicile of the defendant.” In accordance with the Clarendon opinion, the trial judge sustained White’s exception of improper venue, designated the ruling as appealable, and asked counsel for White to prepare a judgment.
Before a judgment was signed, the Chumleys filed an amended and supplemental petition on July 28, 2010, to more clearly set forth their claims of legal malpractice and breach of contract against White as well as the basis for venue in Caddo. White again filed an exception of improper venue along with an exception of no cause of action directed to the Chum-leys’ breach of contract claim.
On December 7, 2010, Judge Lafitte signed the judgment sustaining the exception of improper venue heard by him in July 2010. The Chumleys filed a devolu-tive appeal from this judgment. The second exception of improper venue filed in response to the Chumleys’ amended petition was heard by Judge Scott Crichton on January 24, 2011. White introduced into evidence the record of the hearing on the *42 first exception. Judge Crichton found that the Chumleys’ amended petition covered the same ground as the original petition and that Judge Lafitte’s prior ruling sustaining the exception of improper venue was binding. Accordingly, Judge Crichton sustained the second exception and signed a judgment on February 8, 2011, | .^ordering the case transferred to the 26th Judicial District Court in Bossier. The Chumleys filed a writ application seeking supervisory review of Judge Crichton’s ruling on the second exception.
This court granted the Chumleys’ writ and ordered the matter docketed and consolidated with the Chumleys’ appeal.[1] At issue is whether venue is proper in Caddo under La. C.C.P. art. 74 in a legal malpractice action against an attorney whose domicile and law practice are in Bossier yet where the malpractice claims concern acts of commission and omission that occurred in Caddo and where the plaintiffs’ damages were sustained in Cad-do.[2]
DISCUSSION
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. As stated by the supreme court, “Choice of venue is a gateway consideration that is separate from the merits of the case and addresses only the initial inquiry of where to litigate.” Land v. Vidrine, supra.
An objection of improper venue is raised by a declinatory exception. La. C.C.P. art. 925. Evidence may be introduced to support or controvert the objection when the grounds thereof do not appear from the petition. La. C.C.P. art. 930. Thus, the defendant bears the burden of offering evidence to support an exception of improper venue when the grounds for the ^objection do not appear on the face of the plaintiffs petition. Saldana v. State Farm Mutual Automobile Ins. Co., 39,094 (La.App.2d Cir.12/15/04), 889 So.2d 1130.
For purposes of the venue exception, the allegations of the plaintiffs petition are taken as true. Saldana, supra; Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App.2d Cir.11/1/00), 779 So.2d 817. However, when evidence is offered at trial on the exception, the court is not bound to accept as true the allegations of the petition. Price v. Roy O. Martin Lumber Co., 2004-0227 (La.App. 1st Cir.4/27/05), 915 So.2d 816, writ denied, 2005-1390 (La.1/27/06), 922 So.2d 543. As such, the exception will be tried on the evidence presented. Price, supra.
Venue is a question of law that is subject to a de novo review on appeal. Nitro Gaming, supra. Of course, any factual findings made by the trial court are reviewed under the manifest error standard. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Under the general rules of venue, an action against an individual who is domiciled in this state shall be brought in the parish of his domicile. La. C.C.P. art. 42(1). However, the general rules of venue are subject to the exceptions provided by La. C.C.P. arts. 71-85 and as otherwise provided by law. La. C.C.P. art. 43. The exceptions are “part and parcel” of the *43 general venue provision and are no longer strictly construed. Nitro Gaming, 34,301, p. 3, 779 So.2d at 820, citing Cacamo v. Liberty Mutual Fire Ins. Co., 1999-3479 (La.6/30/00), 764 So.2d 41, and Jordan v. Central Louisiana Elec. Co., 95-1270 (La.06/23/95), 656 So.2d 988. The |7exceptions may be used to supplement the general venue provision, and plaintiffs may choose any venue available under the general or supplementary venue provisions “that fits the particular circumstances of their claims.” Cacamo, supra.
The Chumleys chose to file this legal malpractice suit in Caddo, which they assert is a place of proper venue under La. C.C.P. art. 74. Article 74 states, “An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.”
The Chumleys assert that they alleged specific acts of malpractice that occurred in Caddo involving White’s mishandling of the summary judgment hearing on November 17, 2008, and that they sustained damages in Caddo as a result of the dismissal of their claims by summary judgment. As such, venue is proper in Caddo under La. C.C.P. art. 74. White counters that he made all decisions regarding the Chumleys’ case in his law office in Bossier; therefore, the alleged wrongful conduct occurred and damages were sustained in Bossier where his law office is located. White argues that venue is proper in Bossier in accordance with Clarendon, supra.
In Clarendon, supra, the plaintiff filed a legal malpractice action in Ouachita Parish against two attorneys, one whose office was in Ouachita and the other whose office was in Lincoln Parish. The suit alleged that they failed to plead third-party fault as an affirmative defense in a suit in Oua-chita. The Lincoln Parish attorney filed an exception of improper venue. He asserted that the pleading which did not include the affirmative [^defense would have been drafted at his law office in Lincoln, thus venue was proper there. Citing Chambers v. LeBlanc, 598 So.2d 337 (La.1992), and following Frisard v. State Farm Fire and Cas. Co., 02-987 (La.App. 5th Cir.1/28/03), 837 So.2d 706, writ denied, 2003-0969 (La.5/16/03), 843 So.2d 1138, both discussed infra, this court sustained the exception and held:
[I]n a legal malpractice action based on the failure to file documents, the proper venue is the parish where the defendant attorney’s law office is located because that is the parish where he or she handled the defense of the lawsuit and, thus, where the alleged wrongful conduct occurred.

Id.

We do not view Clarendon, supra, as establishing an exclusive rule of venue for legal malpractice actions, nor do we find it to be directly on point as asserted by White. To be exact, the alleged malpractice in Clarendon was not a failure to file documents; it was a failure to plead a specific defense. On the facts alleged, Clarendon is distinguishable from the present matter. The alleged failure to include an affirmative defense in a pleading, which would typically be drafted in a law office, differs from the alleged failure to file depositions and evidence into the record or the failure to inform the trial court of relevant facts at a hearing as alleged by the Chumleys. We agree with the Chumleys that legal representation is not necessarily confined to the attorney’s law office from which he or she practices.
The Clarendon opinion followed the fifth circuit’s decision in Frisard, supra, which involved a legal malpractice action against a law firm Land two attorneys, William Lozes and David Sirera, filed in Jefferson *44 Parish. The plaintiff alleged that the defendants failed to properly defend him in suits in St. Tammany Parish and in Jefferson Parish. The law firm and Lozes, who was a resident of St. Tammany and whose law office was located there, filed an exception of improper venue. From its examination of the plaintiffs petition, the appellate court found that the majority of the allegations against the defendants related to actions in St. Tammany and that the allegation of failure to file pleadings in the suit in Jefferson did not suffice to establish that wrongful conduct occurred in that parish as argued by the plaintiff. Instead, the court concluded that the alleged wrongful conduct occurred in St. Tammany where the law office was located and from where the attorney handled the defense of the suits against the plaintiff.
The determination of venue in Frisará, supra, was supported by the facts that the attorney’s law practice was in St. Tammany and that the underlying litigation that led to the majority of the malpractice claims, which are not specified in the opinion, was based in St. Tammany. Here, White’s practice is located in Bossier, but the most significant of the claims asserted by the Chumleys relate to acts or omissions that allegedly occurred in Caddo in open court. Thus, Frisará, supra, is distinguishable on the facts alleged.
In Chambers, supra, the plaintiffs, who were domiciled in Livingston Parish, filed a legal malpractice suit there against an attorney who was domiciled in Iberville Parish and practiced in Ascension Parish. The basis [inof the suit was that the attorney failed to file a timely suit in East Baton Rouge Parish. Concluding that the plaintiffs sustained damages in Livingston Parish and that venue was proper under La. C.C.P. art. 74, the trial court overruled the defendant’s exception of improper venue. In a per curiam opinion, the supreme court reversed the judgment of the trial court stating:
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of the plaintiffs domicile. Belser v. St. Paul Fire & Marine Insurance Co., 509 So.2d 12 (La.App. 1st Cir.1987)
Id., at 337-338. The court concluded that the wrongful conduct occurred either in Ascension or East Baton Rouge but clearly not in Livingston. The matter was remanded for transfer “to a parish of proper venue.” Iá.
Chambers, supra, is not determinative as to where the wrongful conduct occurred. The opinion indicates that the wrongful conduct occurred either in the parish of the underlying litigation or of the attorney’s practice and remands for transfer to “a” parish of proper venue. Venue may be proper in more than one parish, and the choice of a proper venue belongs to the plaintiff. Cacamo, supra. Chambers, supra, does not preclude Caddo as a proper venue for this matter. Under Chambers, supra, venue could be proper either in Bossier where White’s law office is located or in Caddo where the Chumleys allege that wrongful conduct occurred in open court and damages were sustained. If venue is proper in both parishes, then the choice of where to file belongs to the Chumleys.
In Stovall v. Carimi, 95-0766 (La.App. 4th Cir.11/30/95), 667 So.2d 1107, writ denied, 96-0748 (La.5/3/96), 672 So.2d 692, the plaintiff filed a malpractice action in Orleans Parish, the location of the underlying litigation, against an attorney who practiced in Jefferson Parish. The mal *45 practice claim involved a dispute over a settlement and attorney fees. The defendant’s exception of improper venue was sustained by the trial court and affirmed on appeal. The court found that none of the allegations of wrongful conduct by the attorney occurred in Orleans, whereas Jefferson was where the defendant advised the plaintiff and where the plaintiff executed all the documents related to representation and settlement.
A case similar to Clarendon, supra, is Belwise Aquaculture Systems, Inc. v. Lemke, 2005-69 (La.App. 3d Cir.6/1/05), 904 So.2d 940, writ denied, 2005-1735 (La.1/27/06), 922 So.2d 547, which involved a malpractice action based on a negligently drafted petition for damages. The plaintiffs alleged that the attorney did not include in the pleadings all the claims they wished to pursue in a federal court suit that was filed in the U.S. Western District in Monroe, then transferred to the Alexandria Division in Rapides Parish, and ultimately dismissed on summary judgment. The plaintiffs claimed that venue was proper in Rapides where they lived, their business was located, and damages were sustained. The attorney alleged that venue was proper only in Catahoula Parish where he was domiciled and where his practice was located. The trial court overruled the defendant’s exception of improper venue. The third circuit reversed. It found that the alleged wrongful conduct would have occurred when the petition was hi,drafted at the attorney’s office, not when the pleading was filed. Thus, venue was proper in Catahoula, even though damages may have “migrated” to another parish. Id.
Most analogous to the matter at hand is Johnson v. Tschirn, 94-0085 (La.App. 4th Cir.2/25/94), 635 So.2d 254, writ denied, 94-1543 (La.9/23/94), 642 So.2d 1300, in which the plaintiff sued his former attorney in district court in Orleans Parish after having a suit in the federal district court in New Orleans dismissed on summary judgment. The plaintiff alleged that the attorney failed to conduct timely discovery and to file the appropriate documents to defeat summary judgment. The defendant, whose law practice was in Jefferson Parish, filed an exception of improper venue, which was sustained by the trial court but then reversed on appeal. The fourth circuit found that the alleged wrongful conduct, the failure to file documents, occurred in New Orleans where the underlying action was pending. The documents had to be filed in New Orleans, thus failure to file them took place there and not in the attorney’s law office. The court likened the facts to those in Chambers, supra, where the failure to file a timely suit took place in East Baton Rouge Parish.
At the hearing on the first exception, Mr. Chumley testified that he engaged White to oppose pending motions for summary judgment in Caddo. Thus, White was aware that he would have to act in Caddo to oppose the motions. The Chum-leys alleged specific acts or omissions constituting wrongful conduct in Caddo. They alleged that White neglected to inform the trial court that there had been two termite reports; that he did not explain hato the trial court that neither report satisfied the conditions of the buy-sell agreement and did not raise the issue of breaches by the sellers or the agent; and that he affirmatively told the trial court that all critical depositions and discovery responses were in the record, when he had not offered the depositions of the closing attorney, the real estate agents, and the Magees along with related exhibits. These allegations all relate to White’s representation of the Chumleys at the hearing on the motions for summary judgment in Caddo. They concern statements White *46 made or failed to make in court along with his failure to file documents relevant to opposing the motions for summary judgment into the record. These allegations do not relate to actions normally performed by an attorney in his or her office, such as the drafting of documents as in Clarendon, supra, or Belwise, supra.
White testified that he made all decisions about how to defend the Chumleys against summary judgment at his office in Bossier. Because all decisions were made in Bossier, White asserts that venue is proper only in Bossier. He argues that the Chumleys’ complaint is really about his strategy in opposing the motions for summary judgment and that even though damages may have manifested themselves in Caddo, they were set in motion in Bossier where he devised the case strategy.
The trial court, in ruling in favor of White at the hearing on the first exception, apparently believed his assertion that he made all decisions on the Chumleys’ case in Bossier. While we find no error in this factual finding, it does not support the ruling on the exception by proving that the wrongful conduct occurred in Bossier. Where a mental process such as 114making decisions on how to defend a case takes place is a subjective determination that can hardly be disputed. However, venue should be based on objective facts. Even if White made all decisions on how to oppose the motions for summary judgment in his law office, the alleged wrongful conduct would not have occurred until he implemented his defense strategy and damages would not have been sustained until that strategy failed. The fact remains that he had to act on his strategy in Caddo, and the Chumleys’ allegations include specific acts and omissions in Caddo. White’s testimony that he made all decisions on the Chumleys’ case at his Bossier office does not contradict the specific allegations of the Chumleys’ petition and does not prove that Caddo is an improper venue for this matter.
The focus for determining venue under La. C.C.P. art. 74 is where the wrongful conduct occurred or where the damages were sustained. Where the wrongful conduct occurred “presupposes an association between that location and an act, whether a ‘sin’ of omission or commission, that gives rise to the cause of action.” Richmond v. Dow, 97-1492, p. 10 (La.App. 4th Cir.4/1/98), 712 So.2d 149, 154. Based on the jurisprudence surveyed in this opinion, where the wrongful conduct occurred is determined by examining what the attorney was required to do and where he was required to do it. The failure to include claims or defenses in the pleadings occurs where pleadings are drafted, typically in the attorney’s law office as in Clarendon, supra, and Belwise, supra. The failure to file a timely suit or documents in the record as in Johnson, supra, occurs where the filing was to have been made. The allegations that White failed to Improperly defend the motions for summary judgment by failing to file depositions and exhibits to oppose the motion, by telling the trial court all relevant documents were in the record, and by failing to inform the trial court at the hearing of issues related to the termite reports and buy-sell agreement all pertain to White’s representation at the hearing in Caddo where he appeared in court on the Chumleys’ behalf. Moreover, the Chumleys’ damages were sustained in Caddo when their claims were dismissed on summary judgment, not when White devised his strategy for the case in Bossier. For these reasons, we find that the trial court erred in sustaining White’s exceptions of improper venue.
CONCLUSION
The trial court’s judgments are reversed, and the matter is remanded to the trial court for further proceedings consis *47 tent with this opinion. Costs are assessed against White.
REVERSED and REMANDED.
CARAWAY, J., concurs with written reasons.
DREW, J., dissents with written reasons.

. Rulings on venue are interlocutory judgments that are subject to review via supervisory writs. Land v. Vidrine, 2010-1342 (La.3/15/11), 62 So.3d 36. Even though appeal from a venue ruling may be improper, this matter is properly before us on supervisory review. Moreover, no party has sought dismissal of the appeal.

. The Chumleys have not argued venue under La. C.C.P. art. 76 on appeal.