BROWN, Chief Judge,
dissents.
liThe supreme court stated in Land v. Vidrine, 10-1342 (La.03/15/11), 62 So.3d 36, 42:
La. R.S. 9:5605 provides that no action for damages against attorneys “shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect....” The trial court that is tasked with determining whether the case is perempted must consider all the grounds for peremption, including whether the case was timely filed in a court of proper venue. As we previously stated, the “law of the case doctrine” is not applicable in the instant situation. In the absence of a legal barrier precluding consideration of the issue, we find the East Baton Rouge Parish trial court’s venue ruling should have been merely presented as evidence in support of the defendant’s exception of peremption, not as a conclusion of law. The Lafayette Parish trial court is required to rule on venue only for purposes of deciding whether the cause of action is still viable; the determination, however, has no practical bearing on the actual choice of forum. In other words, the venue decision, when considered in the context of an exception of peremp *290 tion, does not alter the location of the current and/or future proceedings of the case. If the Lafayette Parish trial court finds that venue was proper in East Baton Rouge Parish, then it is required to deny the defendant’s exception of per-emption and proceed with the trial in Lafayette Parish. Alternatively, if the Lafayette Parish trial court finds that venue was improper in East Baton Rouge, then it is required to continue its analysis of whether the filing in Lafayette Parish was timely. If the case was not timely filed in Lafayette Parish, the exception of peremption must be granted and the case dismissed. Thus, the only venue ruling in this case that is subject to review by the Louisiana Third Circuit Court of Appeal is the venue finding that is incorporated into the per-emption ruling by the Lafayette Parish trial court. This procedure ensures that the appellate courts are only considering judgments within their jurisdiction.
The allegation that plaintiff consented to the venue change because venue was improper does not change the transferee (Caddo Parish) court’s obligation to examine venue. The Caddo Parish court found that venue was |2changed by consent — not because of improper venue. I would affirm or at least remand for the Caddo Parish court to examine whether the Lafayette Parish court was a court of proper venue.
The case where the alleged malpractice occurred was filed within the U.S. District Court for the Western District of Louisiana, and specifically with the clerk at the federal courthouse in Shreveport. I note that another case for Carriere was filed by the same attorney with the clerk at the federal courthouse in Lafayette. Divisions in U.S. District Court are created for the convenience of the court in administration of cases. 28 U.S.C. 987(C). This federal action could have been filed with the clerk of court in either Lafayette or Shreveport.
Judge Caraway, in his concurrence in Chumley v. White, 46,479 (La.App.2d Cir.11/09/11), 80 So.3d 39, 47, writ denied, 11-2741 (La.02/17/12), 82 So.3d 288, stated:
Despite the fact that we have come to view legal malpractice as a matter in tort with its special peremption statute for the institution of the action, there is still a contractual agreement underlying the attorney-client relationship. See, e.g., State Bar Articles of Incorporation, Art. 16, Rules of Professional Conduct, Rule 1.5, and La. R.S. 37:218. The analogous principle for venue in contract disputes allows a party to the contract to be sued in “the parish where any work or services were performed” under the contract. La. C.C.P. art. 76.1. With this broad allowance for alternate venues under Article 76.1 in contract cases, I would give special application to the express language of Article 74 and allow a venue for legal malpractice “in the parish where the damages were sustained.”
The petition states that the retainer agreement with defendant attorneys was executed in Lafayette and set forth the scope and terms of their relationship. The petition states that work was done in Lafayette and |sdamages occurred in Lafayette where plaintiff resided. As noted supra, I would affirm or remand the matter for the Caddo Parish court to examine whether the Lafayette Parish court was one of proper venue.