SUSAN M. CHEHARDY, Chief Judge.
| aThis is a legal malpractice suit that was dismissed as perempted. The plaintiff appeals. We affirm.
FACTS
First NBC Bank (“FNBC”) filed suit against Stephen J. Broussard on March 17, 2011 in Civil District Court for the Parish of Orleans. The petition made the following allegations: Mr. Broussard is licensed to practice law in Louisiana. On June 30, 2008, FNBC entered into an agreement with H.E. Jones, Ltd. by which H.E. Jones granted a mortgage in favor of FNBC on certain property in St. Tammany Parish, Louisiana, to secure future payment of loans made by FNBC to H.E. Jones. FNBC retained Mr. Broussard, as an attorney, to examine title to the mortgaged property to ascertain whether the title was good and clear of liens and encumbrances. Mr. Broussard advised FNBC that the property was free and clear of any liens and encumbrances, when in fact the property was burdened by a special mortgage in favor of a third party, a bond for deed purchaser.[1]
In reliance on Mr. Broussard’s advice, FNBC loaned money to H.E. Jones. H.E. Jones defaulted on its obligation and FNBC’s security was compromised, so it |awas unable to recoup the loans. FNBC sustained losses exceeding $900,000, as of March 11, 2009.
The petition alleged further that Mr. Broussard’s failure to properly and carefully examine the title to the mortgaged property was a breach of his duty to exercise reasonable care, skill, and diligence in representing his client, FNBC. The petition asserted that FNBC’s damages were proximately caused by Mr. Broussard’s breach of duty, without any negligence by FNBC contributing thereto.
Mr. Broussard filed a declinatory exception of improper venue, asserting that he is *969 domiciled and resides in Jefferson Parish, so that the proper venue for a legal malpractice suit against him is Jefferson Parish, not Orleans Parish. The Orleans Parish judge denied the exception of improper venue oh November 10, 2011, but that ruling was vacated by the Fourth Circuit Court of Appeal, which found no basis for venue in Orleans Parish and remanded the case for transfer to the 24th Judicial District Court for the Parish of Jefferson. First NBC Bank v. Broussard, 2011-1678 (La.App. 4 Cir. 1/10/12) (unpublished writ disposition). The case was transferred and was filed in the 24th Judicial District Court on April 30, 2012.
On June 22, 2012, Mr. Broussard filed a peremptory exception of peremption in the 24th Judicial District Court. He asserted that the suit was filed more than one year after FNBC learned of its alleged cause of action against him, thus barring these claims under the one-year peremptive period set forth in La. R.S. 9:5605. He pointed out that FNBC alleged it sustained losses of over $900,000 as of March 11, 2009, resulting from errors he allegedly committed on or before June 30, 2008, when it was granted a mortgage by H.E. Jones.
Mr. Broussard asserted that his alleged error occurred on or before June 30, 2008, and that FNBC suffered damages as a result of that error no later than March |411, 2009. Because this suit was filed more than two years after both of those dates, Mr. Broussard asserted it is clearly barred by the one-year peremptive period of La. R.S. 9:5605.
In opposition to the exception, FNBC asserted it did not learn of Mr. Brous-sard’s error until it instituted its foreclosure proceedings against the mortgaged property. At that time the third party purchaser’s counsel sent a letter to FNBC, dated May 17, 2010, which demanded that FNBC voluntarily cancel its inscription.
At the hearing on January 10, 2013, counsel for Mr. Broussard admitted, for purposes of the exception, that FNBC filed the suit within one year of learning of the alleged malpractice. He argued, however, that it was not filed in the proper venue and the passage of a peremptive period may not be interrupted or suspended, so that peremption took place.
The trial court ruled from the bench, stating:
I am bound to follow the technical wording of the statute. And 9:5605 is abundantly clear that peremption is not interrupted, and the suit must be filed, must, not only in a court of competent jurisdiction, but in a site of proper venue. And out of the three sites that were eligible for venue, I think the case law is quite clear, and the 4th Circuit opinion is now final, Orleans Parish was not a proper site for venue. It is abundantly clear, in my opinion. The only other site that could arguably have been a site of the proper venue would have been St. Tammany Parish, but the suit wasn’t filed there. Because that’s the locale where records were reviewed, presumably. Because the suit was not filed within the one-year peremptive period and I got to say this. I don’t like the result, as I told you gentlemen in the back. I just find it personally distasteful. I grant the exception and I dismiss the suit with prejudice.
The court rendered a written judgment on January 30, 2013 that granted the exception of peremption and dismissed all claims of FNBC with prejudice.
FNBC appeals.
| .ARGUMENTS
On appeal FNBC asserts the trial court erred in granting Mr. Broussard’s Per *970 emptory Exception of Peremption, because the filing of suit in Orleans Parish was a proper exercise of FNBC’s right of action, and the lapse of the period of peremption could not have extinguished the right. FNBC acknowledges that a peremptive period may not be renounced, interrupted or suspended. FNBC argues, however, that the ruling of the original trial court that venue was proper in Orleans Parish was an exercise of FNBC’s right of action, and from that point forward, the lapse of the period of peremption could not have extinguished the right, because the case remained pending through the present appeal. FNBC contends that when a right subject to peremption is properly exercised, lapse of the period of peremption will not extinguish the right so long as the case remains pending.
In opposition, Mr. Broussard contends the trial court correctly found that this suit was perempted because it was not filed in a parish of proper venue within one year of the date that FNBC learned of its cause of action.
LAW AND ANALYSIS
The statute governing actions for legal malpractice is La. R.S. 9:5605, which states in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. [Emphasis added.]
|fiB. ... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state ... the prescriptive and peremptive period shall be governed exclusively by this Section.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

Venue

In Land v. Vidrine, 2010-1342, p. 9 (La.3/15/11), 62 So.3d 36, 42, the Louisiana Supreme Court stated,
The trial court that is tasked with determining whether the case is perempted must consider all the grounds for per-emption, including whether the case was timely filed in a court of proper venue.... [T]he “law of the case doctrine” is not applicable in the instant situation. In the absence of a legal barrier precluding consideration of the issue, we find the [transferor] trial court’s venue ruling should have been merely presented as evidence in support of the defendant’s exception of peremption, not as a conclusion of law. The [transferee] trial court is required to rule on venue only for purposes of deciding whether the cause of action is still viable; the determination, however, has no practical *971 bearing on the actual choice of forum. In other words, the venue decision, when considered in the context of an exception of peremption, does not alter the location of the current and/or future proceedings of the case.... Thus, the only venue ruling in this case that is subject to review by the ... Court of Appeal is the venue finding that is incorporated into the peremption ruling by the trial court. This procedure ensures that the appellate courts are only-considering judgments within their jurisdiction. [Emphasis added.]
Land v. Vidrine, 2010-1342 at 9-10, 62 So.3d at 42.
Considering Land v. Vidrine, therefore, we must incorporate a decision on the proper venue with a decision on the merits of the exception of peremption.
|7FNBC originally filed this suit in Orleans Parish on March 17, 2011. The petition stated that the defendant was domiciled in Orleans Parish, that he had offices located in Jefferson Parish, that the plaintiff retained the defendant to examine the title of a property mortgaged to the plaintiff to secure a loan, and that due to a preexisting encumbrance on the title recorded in St. Tammany Parish, the plaintiff’s security was compromised and the plaintiff was unable to recoup its loans when the mortgagor of the property defaulted, leaving the plaintiff with losses of $900,016.42 as of March 11, 2009.
The defendant responded with a Decli-natory Exception of Improper Venue, in which he asserted he is a resident of Jefferson Parish, not Orleans Parish, and pursuant to La. C.C.P. art. 42 and applicable case law, Orleans Parish is not the proper venue for a legal malpractice suit in this matter. Attached to the exception was an Affidavit by the defendant, in which he stated that at all times pertinent hereto, he was a resident of Jefferson Parish, he conducted the title examination and execution of the mortgage at his office located in Jefferson Parish, and he did no legal work associated with his retention by plaintiff in Orleans Parish.
The general rule regarding venue provides that an action against an individual domiciled in the state shall be brought in the parish of his domicile. La. C.C.P. art. 42. The venue guidelines under Article 42 are subject to exceptions (alternatives) contained in “Articles 71 through 85 and otherwise provided by law.” La. C.C.P. art. 43.
La. C.C.P. art. 74 provides, “An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.”
The Louisiana Supreme Court has narrowed this exception for legal malpractice actions, holding that venue is proper in the parish where the wrongful |sconduct occurred. Chambers v. LeBlanc, 598 So.2d 337, 337-338 (La.1992). Recent cases focus on where the case was handled rather than where the case was filed. See, e.g., Belwise Agric. Sys., Inc. v. Lemke, 2005-69, p. 5 (La.App. 3 Cir. 6/1/05); 904 So.2d 940, 943, writ denied, 2005-1735 (La.1/27/06), 922 So.2d 547; Clarendon Nat. Ins. Co. v. Carter, 39,622, p. 6 (La.App. 2 Cir. 5/11/05); 902 So.2d 1142, 1144, writ denied, 2005-1567 (La.1/27/06), 922 So.2d 544; Frisard v. State Farm Fire and Casualty Company, 02-987, p. 4 (La.App. 5 Cir. 1/28/03); 837 So.2d 706, 707, writ denied, 2003-0969 (La.5/16/03), 843 So.2d 1138.
There is no evidence that Orleans Parish is a proper venue in this case. Rather, the weight of the evidence is that Jefferson Parish, where Mr. Broussard lives and where his offices are located and where he *972 performed the work for FNBC, is the correct venue.

Peremption

Since the case was not filed in the correct venue, but had to be transferred from Orleans Parish to Jefferson Parish, the question is whether the case was timely when filed in Jefferson Parish.
“Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period.” La. C.C. art. 3458. “Peremption may not be renounced, interrupted, or suspended.” La. C.C. art. 3461.
[U]nder the provisions of La.Rev.Stat. § 9:5605, an action should not be found perempted if it is brought within one year of the date of discovery and the record shows that the claimant was reasonably unaware of malpractice prior to the date of discovery and the delay in filing suit was not due to willful, negligent, or unreasonable action of the client.”
Teague v. St. Paul Fire & Marine Ins. Co., 2007-1384, p. 12 (La.2/1/08), 974 So.2d 1266, 1275.
|flThe “date of discovery” from which prescription or peremption begins to run is the date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant.
Teague, 2007-1384 at 13, 974 So.2d at 1275.
La.Code Civ.P. art. 121 does not allow us to avoid the consequences of peremption in the interests of justice when a suit has been filed in a court of improper venue.... La.R.S. 9:5605 requires that suit be filed in a court of competent jurisdiction and proper venue within one year. The date of service is irrelevant.
Weatherly v. Fonseca & Associates, LLC, 2011-1323, p. 8 (La.App. 3 Cir. 6/6/12), 92 So.3d 1206, 1211, writ denied, 2012-1577 (La.10/12/12), 98 So.3d 875.
FNBC filed suit on March 17, 2011 in Orleans Parish. FNBC alleged it had sustained its losses from the defaulted mortgage by March 11, 2009. There is a nearly two-year gap between those dates. On the face of the petition, therefore, the one-year peremptive period had passed.
The provisions on prescription governing computation of time apply to per-emption. La. C.C. art. 3459. When an exception of prescription is filed, the burden of proof ordinarily is on the party pleading prescription. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show the action has not prescribed. Eastin v. Entergy Corp., 2003-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.
FNBC has alleged no dates other than June 30, 2008, the date on which the mortgage was executed, and March 11, 2009, the date by which FNBC had sustained its losses. It has made no showing why it did not know or should not have known of the alleged malpractice by either of those dates. Both of those [inevents occurred more than one year before this suit was filed. FNBC clearly should have been aware of its cause of action against Mr. Broussard more than one year before it filed this suit. Consequently, these claims against Mr. Broussard are time-barred. The trial court did not err in granting the exception of peremption and dismissing this suit with prejudice.
*973 DECREE
For the foregoing reasons, the judgment is affirmed. First NBC Bank is cast with costs of this appeal.

AFFIRMED.

. The bond for deed contract was executed by Jimmy R. Ware, dated June 1, 2006, and was duly recorded with the Clerk of Court for the Parish of St. Tammany, Louisiana, on June 2, 2006.