GARRETT, J.
|,The plaintiffs’ suit, which arose from a dog bite that occurred in Arkansas, was dismissed without prejudice pursuant to the defendants’ declinatory exceptions of lack of jurisdiction and improper venue. The plaintiffs appeal. We reverse and remand for further proceedings.
FACTS
On October 1, 2012, Jerry L. Johnson and his wife, Debbie R. Johnson, residents of Webster Parish, Louisiana, filed suit in the 26th Judicial District Court against Gary Byrd, an Arkansas resident, and his homeowner insurer, Farm Bureau Mutual Insurance Company of Arkansas, Inc. The plaintiffs asserted that Mr. Johnson was injured by Mr. Byrd’s dog while Mr. Johnson was on Mr. Byrd’s business premises in Arkansas.
The petition specifically pleaded the following:
4.
Venue is proper in Webster Parish under La. R.S. 13:3208 as plaintiff is domiciled in Webster Parish. Personal jurisdiction is made over Gary Byrd pursuant to La. R.S. 32:3201(A)(4) or 13:3201(B) as Gary Byrd routinely solicits and provides merchant services to residents of Louisiana through his small engine repair business. Gary Byrd engages in persistent business conduct with Louisiana residents and derives income from numerous Louisiana residents due to his close proximity to the Louisiana border and there being no other small engine merchants or limited small engine merchants in the surrounding county and parishes.
[[Image here]]
6.
On or about May 11, 2012, plaintiff was on the premises of [Gary Byrd] to drop off his lawnmower to be repaired by the defendant when suddenly, unexpectedly and without warning he was approached by a dog owned by [Gary Byrd]. This dog viciously attacked plaintiff without provocation. This dog has a history of acting aggressively towards other Louisiana residents who have utilized [Gary Byrd]’s small engine repair business services, | ¡Including but not limited to the following residents, Gerald White and James Johnson, plaintiffs brother.
7.
Upon information and belief, this same dog owned by [Gary Byrd] bit or acted aggressively towards several other persons prior to his attack upon the plaintiff. Although defendant operates a business on his premises, he does not restrain his dog to protect his customers thereby showing callous disregard for the rights and safety of other individuals on his premises. Upon information and belief, [Gary Byrd] still allows his dog to roam his premises without restraint when business patrons visit.
The defendants were served under the provisions of the Louisiana long-arm statute and the affidavit of service was filed October 17, 2012.
On October 29, 2012, the defendants, appearing solely for the purposes of their exceptions, filed declinatory exceptions of lack of jurisdiction and improper venue.[1] They argued that Mr. Byrd is a resident of *1223 Arkansas, that the incident took place in Arkansas, and that Mr. Byrd’s insurer does not transact business in Louisiana. In their exceptions, the defendants made numerous factual assertions. Among them were the following: (1) while Mr. Byrd repairs lawnmowers and other small engines at his home, there are no signs at his house advertising the repairs; (2) Mr. Byrd did not know Mr. Johnson until he came to Mr. Byrd’s house, unsolicited, to drop off his lawnmower for repair; (3) Mr. Byrd does not advertise or solicit business in Louisiana or anywhere else; (4) Mr. Byrd does not contract to supply services or things in Louisiana; and (5) Mr. Byrd does not transact any business in Louisiana. None of these assertions were supported by affidavits or any other form of evidence.
laThe defendants further contended that no service of process was made on them within Louisiana and that the Louisiana court did not have personal jurisdiction over them under the provisions of La. R.S. 13:3201, the Louisiana long-arm statute. Finally, they maintained that since jurisdiction was lacking under La. R.S. 13:3201, venue in Webster Parish was improper under La. R.S. 13:3203. A contradictory hearing on the exceptions was set by the trial court for November 27, 2012, less than a month from the time the exceptions were filed.
In response to the exceptions, the plaintiffs promptly propounded discovery to the defendants, including requests for production of documents, interrogatories and a request to take depositions of Mr. Byrd and the adjuster, prior to the date of the hearing on the exceptions. This discovery addressed both jurisdictional and other matters.
On November 19, 2012, the plaintiffs filed an opposed motion to continue in which they asserted that discovery would lead to evidence establishing that the defendants had the requisite minimum contacts with Louisiana. In particular, they alleged that the evidence would demonstrate that Mr. Byrd routinely and consistently did business with Louisiana residents. They further stated that they were pursuing discovery on jurisdictional issues as outlined above, but that the discovery measures would not be complete by the date set for the hearing on the exceptions. Consequently, they requested a continuance of 90 days. The court set the motion for continuance for hearing on the same day as the exceptions.
|4On November 26, 2012, the plaintiffs filed a motion to compel jurisdictional discovery. They asserted their compliance with Rule 10.1 of the Rules for Louisiana District Courts by telephoning the office of the defendants’ counsel on November 19, 2012, and requesting discovery responses by noon on November 21, 2012. They further alleged that they had sent requests for production of documents to the two defendants and a set of interrogatories to Mr. Byrd; however, the deadline for delivery of discovery responses had come and gone without answer. The trial court did not set a hearing date for the motion to compel and instead, the matter was addressed on November 27, 2012, as will be discussed below.
The hearing on the defendants’ exceptions and the plaintiffs’ motion to continue was held on November 27, 2012. Rather than conducting a hearing, the court proceedings consisted of colloquies between the attorneys and the court. Counsel for the exceptors relied upon the pleadings and his memorandum and presented no evidence. The following exchange occurred between the trial judge and Mr. Visconte, the plaintiffs’ counsel:
*1224 THE COURT:
You said a dog bite happened in Arkansas, sir. And you said that it happened outside the state of Louisiana. The only connection that you make to the state of Louisiana is that there were lawn mower repairs and that this person had a lawn mower repair business. Am I missing something here?
MR. VISCONTE:
I think that that is what the discovery is designed to address, Judge.
|BTHE COURT:
You don’t get the discovery if you have these exceptions, sir. And that’s what exceptions are designed to address. You have to look at the face of the pleadings. How do I get around the face of the pleadings? You said the accident happened in Arkansas.
MR. VISCONTE:
I think that’s what we’re talking about, Judge, as I stated in my memorandum, is that you’ve got a fellow that lives two miles, or less than two miles, from the Louisiana border. He routinely does business with—
THE COURT:
Less than two miles from the Louisiana border but he lives in Arkansas, it that correct?
MR. VISCONTE:
Sure.
THE COURT:
All right. So that’s — so that’s the face of the petition, is that the dog bite occurred in Arkansas.
MR. VISCONTE:
I understand that, Judge. What I was going to say was that the business that this fellow does, if you look at the petition and the memorandum, involves what we believe, is somebody that routinely does business with Louisiana residents. He is subjecting folks to this hazard, and on the basis of that, that he could reasonably anticipate being held [sic] into this court.
THE COURT:
It’s a stretch, Mr. Visconte, even International Shoe, that’s a very big stretch. So I mean, I’m — convince me otherwise.
IsMR. VISCONTE:
Well, Judge, that’s the argument. You asked me for my argument. That is my argument. If there’s no discovery to be made, then what I understand you to say is that you’re going to grant the exceptions.
THE COURT:
Yes, sir, I am because the exceptions are always granted prior to any discovery or — they look at prior to the lawsuit. They look at the face of the pleadings. They look at what’s been pled. So I mean, based on that I do hereby grant the exceptions, ... [Emphasis ours.]
Also on November 27, 2012, the trial court signed an order denying the plaintiffs’ motion to compel. In so doing, the trial court noted in the margin that the exceptions had been granted, dismissing the case for lack of jurisdiction. Later, on December 26, 2012, the trial court noted on another order that the plaintiffs’ motion to continue the exceptions was also denied on the date of the hearing on the exceptions.[2]
*1225 Disagreement arose as to the form of the judgment granting the exceptions as to whether the dismissal of the plaintiffs’ claims was with or without prejudice. Consequently, the matter was set for a form and content hearing on February 26, 2013.
On January 11, 2013, the plaintiffs filed a motion and order for devolutive appeal of the judgment rendered in open court on November 27, 2012. The order granting the motion for devolutive appeal was signed on January 14, 2013.
A judgment memorializing the trial court’s ruling of November 27, 2012, was signed on February 26, 2013, after a conference on the record. The judgment granted the defendants’ declinatory exceptions and dismissed the plaintiffs’ claims without prejudice at the plaintiffs’ cost. The judgment also denied the plaintiffs’ motion to continue.[3]
The plaintiffs appealed.
LAW
The Louisiana long-arm statute, La. R.S. 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant. In pertinent part, it states:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
[[Image here]]
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
1 sSubsection B was added in 1987 to ensure that jurisdiction under the long-arm statute extended to the limits allowed by due process. Official Comments, Acts 1987, No. 418; SteriFx, Inc. v. Roden, 41,383 (La.App.2d Cir.8/25/06), 939 So.2d 533.
Due process requires that, in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); de Reyes v. Marine Mgmt. and Consulting, Ltd., 586 So.2d 103 (La.1991); SteriFx, Inc. v. Roden, supra.
*1226 An objection to the court’s lack of jurisdiction over the person of the defendant or improper venue is raised through a declinatory objection. La. C.C.P. art. 925. Under La. C.C.P. art. 929, which sets the time of trial of exceptions, a declinatory exception “shall be tried and decided in advance of the trial of the case.” At the contradictory hearing on a declinatory exception, evidence is admissible to support or controvert any of the objections pleaded. La. C.C.P. art. 930. If evidence is admitted at such a hearing, the exception must be resolved on the evidence presented, rather than on the allegations in the petition. SteriFx, Inc. v. Roden, supra; Chumley v. White, 46,479 (La.App.2d Cir.11/9/11), 80 So.3d 39, writ denied, 2011-2741 (La.2/17/12), 82 So.3d 288.
IflAppellate courts, when reviewing a trial court’s legal ruling on a declina-tory exception of lack of personal jurisdiction, apply a de novo standard. However, the trial court’s factual findings underlying the decision are reviewed under the manifest error standard of review. SteriFx, Inc. v. Roden, supra. Likewise, venue is a question of law that is subject to a de novo review on appeal while any factual findings made by the trial court are reviewed under the manifest error standard. Chumley v. White, supra.
A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601. A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case. La. C.C.P. art. 1602. A denial of a motion for continuance will not be disturbed on appeal absent a showing of an abuse of discretion by the trial court. Galloway v. Lolley, 44,501 (La.App.2d Cir.8/19/09), 17 So.3d 479.
The general scope of discovery is found in La. C.C.P. art. 1422, which provides in pertinent part:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
|,nThe trial court has broad discretion in ruling on pretrial discovery, and an appellate court should not upset such a ruling absent an abuse of that discretion. Walker, Tooke & Lyons, L.L.P. v. Sapp, 37,966 (La.App.2d Cir.12/10/03), 862 So.2d 414, writ not considered, 2004-0088 (La.3/19/04), 869 So.2d 836. This broad discretion includes the right to refuse or limit discovery of matters that are not relevant to the issues. Maguire Plastic Surgery Ctr., LLC v. Booker, 47,929 (La.App.2d Cir.5/22/13), 117 So.3d 239.
A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery. La. C.C.P. art. 1469.
DISCUSSION
On appeal, the plaintiffs contend that the trial court erred in several respects, including failing to allow them a continuance and a period of time in which to conduct jurisdictional discovery before deciding the exceptions. We find merit in these arguments.
*1227 Prior to the hearing on the exceptions, the plaintiffs attempted to conduct discovery on the issue of whether Mr. Byrd regularly did or solicited business, or engaged in any other persistent course of conduct under La. R.S. 13:3201(A)(4), or had the requisite minimum contacts under the due process test. The record indicates that they were generally unsuccessful in these discovery attempts and, as a result, they filed the motion to continue and the motion to compel in an attempt to obtain information relevant to the question of personal jurisdiction.
In At the hearing, the trial court specifically stated that the plaintiffs were not entitled to discovery due to the exceptions and that the exceptions were to be determined by looking at the pleadings alone. These statements are incorrect.[4]
Evidence may be presented at a hearing on a declinatory exception and, if presented, the exception will be determined on that evidence, not the petition alone.[5] The transcript demonstrates that the plaintiffs attempted to offer two pieces of evidence. However, it does not appear that they were reviewed or considered by the trial court or admitted into evidence by the trial court, apparently due to its erroneous belief that evidence was not allowed in the context of a hearing on an exception of lack of personal jurisdiction. On the same day, the trial court then denied the plaintiffs’ motion to compel on the basis that the exceptions had been granted due to lack of jurisdiction.
Plaintiffs faced with an exception of lack of personal jurisdiction filed by the defendant may pursue limited and reasonable discovery measures which are calculated to lead to relevant evidence on the issue of jurisdiction. A survey of Louisiana jurisprudence on this issue indicates that courts routinely consider evidence such as depositions, affidavits, |12answers to interrogatories, and documentary evidence when deciding declinatory exceptions of lack of personal jurisdiction. For example, in the recent case of Maguire Plastic Surgery Ctr., LLC v. Booker, supra, the plaintiffs jurisdictional discovery included propounding interrogatories and requests for production, as well as the deposition of an employee of one of the defendants. See also de Reyes v. Marine Mgmt. & Consulting, Ltd., supra (discovery depositions were taken); IberiaBank v. Thornton, 45,332 (La.App.2d Cir.6/23/10), 44 So.3d 720 (the evidence considered by the court included loan documents, correspondence between the parties and the deposition of one of the defendants); SteriFx, Inc. v. Roden, supra (deposition extracts and other documentary evidence were submitted to the trial court); Cohen v. Cohen, 635 So.2d 1293 (La.App. 4th Cir.4/14/94), (two affidavits were submitted in support of the exception); Eng’g Dynamics, Inc. v. Massachusetts Inst. of Tech., 05-295 (La.App.5th Cir.11/29/05), 917 So.2d 1168 (affidavits were submitted in support and opposition to the exception of lack of personal jurisdiction); Jacobsen v. Asbestos Corp. Ltd., *1228 12-655 (La.App.5th Cir.5/30/13), 119 So.3d 770 (the court considered an affidavit in support of the exception, as well as two depositions and various other documents in opposition).
In the instant case, the trial court committed legal error in ruling that only the pleadings could be considered, and that no discovery could be conducted in resolving a declinatory exception. Because of this legal error, the trial court did not consider the merits of the pending motion to continue and the recently filed motion to compel premised on the outstanding [ Tadiscovery issues. These matters should have been considered by the trial court before ruling on the declinatory exceptions. We find that the trial court committed legal error and abused its discretion in denying the plaintiffs a continuance and the opportunity to pursue limited jurisdictional discovery to defend against the defendants’ exception of lack of personal jurisdiction. In so ruling, we note the rapidity with which events occurred — the declinatory exceptions were filed less than a month after the suit was filed, and then the contradictory hearing on the exceptions was set for less than a month after their filing — and the plaintiffs’ prompt exercise of due diligence in seeking jurisdictional discovery.[6] The trial court also applied an improper legal standard in deciding the exceptions. The trial court’s statement that the exceptions were to be decided solely on the basis of the pleadings was incorrect, as was the statement that no discovery could be had. Therefore, we are obliged to reverse the trial court’s rulings. The plaintiffs should have the right to present to the court their arguments on the jurisdictional discovery issues that were urged in the motion to continue and the motion to compel. They should also have the right to present evidence at a hearing on the exceptions. The defendants, of course, have the right to respond to the plaintiffs’ motions, including any objections to any discovery 1 ^requests they deem unreasonable or burdensome and to present evidence at the hearing on the exceptions.
CONCLUSION
The trial court judgment denying the plaintiffs’ motion to continue and granting the defendants’ exceptions of lack of jurisdiction and improper venue is reversed.[7] The matter is remanded to the trial court for further proceedings in compliance with this opinion. Costs of this appeal are assessed against the appellees, Gary Byrd and Farm Bureau Mutual Insurance Company of Arkansas, Inc.
REVERSED AND REMANDED.

. In so doing, the defendants did not submit to the court’s jurisdiction. See. La. C.C.P. *1223 art. 6(A)(3).

. In the meantime, on December 11, 2012, the plaintiffs filed a contested motion to file a first supplemental and amending petition for damages, wherein they asserted additional facts allegedly tying Mr. Byrd to Louisiana. On December 20, 2012, the defendants responded to the motion by filing an exception based upon res judicata /collateral estoppel. Both matters were set for hearing on February 26, 2013. However, the appellate record *1225 does not reveal what, if any, action was taken on that date.

. Although the final judgment was not signed until after the order of appeal was granted, any previous defect of prematurity is cured once the final judgment is signed and no useful purpose is served in dismissing an otherwise valid appeal. Overmier v. Traylor, 475 So.2d 1094 (La.1985); Johnson v. Pueblo Viejo, Inc., 47,586 (La.App.2d Cir.4/10/13), - So.3d-, 2013 WL 1442255.

. Additionally, it appears that the trial court failed to consider all of the provisions of the Louisiana long-arm statute. The fact that the quasi offense occurred in the state of Arkansas does not necessarily or automatically preclude jurisdiction in Louisiana. Of course, the plaintiffs must satisfy the burden of proof encumbent upon them under the provisions of the Louisiana long-arm statute and the jurisprudence interpreting same.

. Even if the trial court had reviewed the petition alone, it alleged not just that the dog attack occurred in Arkansas, but also that Mr. Byrd engaged in persistent business conduct with Louisiana residents, routinely soliciting and providing merchant services to residents of Louisiana, and that the dog had acted aggressively toward two other named Louisiana residents who utilized Mr. Byrd's repair services.

. See and compare Smith Stag, L.L.C. v. Wilson & Meyer Custom Theater Interiors, L.L.C., 2008-1251 (La.App.4th Cir.2/18/09), 6 So.3d 921, wherein the plaintiffs propounded no discovery prior to the hearing on the declina-tory exceptions. Under those circumstances, the court ruled that the plaintiffs were not entitled to additional time to conduct jurisdictional discovery.

. We express no opinion on the ultimate outcome of the exceptions as no evidence has been presented.