STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0679


SAULSBURY INDUSTRIES, INC.

VERSUS

CABOT CORPORATION AND CLECO POWER, LLC

Judgment Rendered: __MAY 1 7 2022__

* * * * *

On Appeal from the
Sixteenth Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
No. 133910

The Honorable Anthony Thibodeaux, Judge Presiding


* * * * *

John M. Madison, III
Baton Rouge, Louisiana
Russel J. Cremaldi
James B. Supple
Franklin, Louisiana

Attorneys for Plaintiff/Appellant,
Saulsbury Industries, Inc.


David L. Guerry
Albert Dale Clary
J. Weston Clark
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee,
Cabot Corporation


R. Gray Sexton
Blane A. Wilson
Blair Naquin Green
Alesia M. Ardoin
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee,
Cleco Power, LLC

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**PENZATO, J.**

Saulsbury Industries, Inc. appeals a judgment granting exceptions raising the objection of lis pendens in favor of Cleco Power, Inc. and Cabot Corporation and dismissing Saulsbury's claims against these parties without prejudice. For the following reasons, we reverse the portion of the trial court's judgment granting the exception of lis pendens in favor of Cabot and remand the matter to the trial court for further proceedings. We affirm the portion of the judgment granting the exception of lis pendens in favor of Cleco.

## FACTS AND PROCEDURAL HISTORY

In 2017, Cleco and Cabot contracted with Saulsbury to serve as the prime contractor on a project to construct and develop a 50-mega-watt renewable energy waste heat power plant and emissions control system at Cabot's carbon black manufacturing facility in Franklin, St. Mary Parish, Louisiana. Delays began early-on in the project, which Saulsbury attributed to Cabot and Cleco and, conversely, Cleco and Cabot attributed to Saulsbury. By late 2018, Cleco and Cabot issued a "Notice to Demobilize" to Saulsbury, effectively terminating Saulsbury from the project.

Cleco filed suit against Saulsbury in October 2018, seeking delay damages for Saulsbury's alleged breach of its "material obligations" under the contract. According to the petition, Saulsbury failed to timely complete various milestones set forth in the project schedule. Cleco further alleged that it "incurred damages in supplementing Saulsbury's workforce" on site due to safety incidents and resulting personnel restrictions. Cleco filed suit in the 9th Judicial District, Rapides Parish, where it executed the contract at issue. *See* La. C.C.P. art. 76.1.

Nine months later, in July 2019, Saulsbury filed suit against Cleco and Cabot concerning the construction project and sought damages from both defendants for breach of contract, amounts due on open account, and unjust enrichment/quantum

2

meruit.[1] Saulsbury also sought judgment declaring that its termination by Cleco and Cabot was "termination for convenience" under Section 10.1 of parties' "Special Conditions" contractual agreement. Finally, Saulsbury sought "[r]ecognition and enforcement of its privilege upon and against the property upon which its work was performed" pursuant to the Louisiana Private Works Act.

According to the petition, Saulsbury filed a statement and amended statement of claim and privilege on September 5, 2018 and April 17, 2019, respectively, in St. Mary Parish against Cabot's immovable property located there. It also filed a statement and amended statement of claim and privilege on December 5, 2018 and April 17, 2019, respectively, in St. Mary Parish against Cleco's leasehold interest. All statements of claim and privilege were attached to and became a part of Saulsbury's petition. *See* La. C.C.P. art. 853.

Saulsbury's suit was filed in the 16th Judicial District, St. Mary Parish. In its petition, Saulsbury asserted that venue is proper in St. Mary Parish because a substantial portion of the events or omissions that are the subject of its suit occurred there. It also alleged that venue is proper in St. Mary Parish "under the provisions of the Louisiana Private Works Act, La. R.S. 9:4201, *et seq.*"

Cleco filed an exception of lis pendens in Saulsbury's St. Mary Parish proceeding in August 2020, alleging that its suit in Rapides Parish was the first filed suit and that Saulsbury's St. Mary Parish suit against it should be dismissed, since the suit involves the same parties, in the same capacities, and the same transaction or occurrence, *i.e.*, the construction of the power plant and emissions control system and related contract dispute.

Cabot moved to intervene in Cleco's suit and filed its own exception of lis pendens, adopting and incorporating by reference the arguments made in Cleco's

---

[1] It appears that, before filing in St. Mary Parish, Saulsbury filed a suit against Cleco and Cabot in federal court, which was subsequently remanded as to Cleco and dismissed against Cabot.

3

exception of lis pendens as well as Cleco's evidence in support. Cabot offered no additional argument and failed to address the fact that, at the time it was named in Saulsbury's St. Mary Parish suit, it was not a party to Cleco's Rapides Parish proceeding.

Saulsbury set forth several arguments in opposition to the exceptions, including that venue is mandatory in St. Mary Parish under the Private Works Act, as the parish where Cabot's property and Cleco's leasehold interest are located. Saulsbury also argued that the Rapides Parish court lacked jurisdiction over the subject matter and the parties because Cabot, a party needed for just adjudication pursuant to La. C.C.P. art. 641, was not joined as a party in the proceeding initiated there by Cleco. Saulsbury asserted that lis pendens only applies when the court where the first suit was filed has valid jurisdiction over the subject matter and the parties. Since Cabot and Cleco were both named together for the first time in its suit, Saulsbury maintained that the St. Mary Parish court was the first to acquire jurisdiction and was, consequently, the "first filed" suit for purposes of lis pendens. Finally, Saulsbury argued that Cabot's exception should be denied, because it filed "independent" claims against Cabot in St. Mary Parish before Cabot intervened in Cleco's suit. At the time the St. Mary suit was filed, there were no pending claims between Saulsbury and Cabot.

A trial on the exceptions was held in St. Mary Parish on October 16, 2020. The trial court granted the exceptions asserted by Cleco and Cabot and dismissed Saulsbury's claims against both defendants without prejudice. The court concluded that Saulsbury's St. Mary Parish suit concerns the same transaction and occurrence at issue in Cleco's first filed suit in Rapides Parish. It further noted that Cabot, incorrectly identified as Cleco, was allowed to intervene in the Rapides Parish proceeding and that both suits involve the same parties – Saulsbury, Cleco, and

4

Cabot. A written judgment in conformity with the court's ruling was signed on November 23, 2020.

The instant appeal followed. Saulsbury asserts that the trial court erred by: (1) granting Cabot's exception of lis pendens when there was no state court suit pending between Saulsbury and Cabot when Saulsbury filed suit against Cabot in St. Mary Parish; (2) granting Cleco's exception where the Rapides Parish court lacked jurisdiction because the suit failed to join Cabot, a party needed for just adjudication; and (3) granting the exceptions of lis pendens because Saulsbury was required to file suit in St. Mary Parish to preserve and enforce its claims under the Private Works Act.

## EXCEPTION OF LIS PENDENS AND STANDARD OF REVIEW

A declinatory exception of lis pendens declines jurisdiction over a second suit where a prior suit is pending between the same parties, in the same capacities, on the same transaction or occurrence. La. C.C.P. arts. 531, 923, and 925(3). If two or more essentially identical suits are pending in Louisiana courts, the defendant may have all but the first filed action dismissed. La. C.C.P. art. 531; *Harris v. Breaud*, 2017-0421 (La. App. 1st Cir. 2/27/18), 243 So.3d 572, 577. The party pleading lis pendens has the burden of proving the facts necessary for the exception to be granted. *Crosstex Energy Services, LP v. Texas Brine Company, LLC*, 2018-1323 (La. App. 1st Cir. 8/8/19), 282 So.3d 234, 236. The crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter of the first suit. *Id.* at 236-237. A trial court's ruling on an objection of lis pendens, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed *de novo*. *Patten/Jenkins BR Popeyes, L.L.C. v. SRG Baton Rouge II, L.L.C.*, 2019-1160 (La. App. 1st Cir. 6/16/20), 306 So.3d 453, 457-458.

## EVIDENTIARY ISSUES

During the trial of a declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon. La. C.C.P. art. 930. If evidence is admitted at a hearing on a declinatory exception, the exception must be resolved on the evidence presented, rather than on the allegations in the petition. *Johnson v. Byrd*, 48,411 (La. App. 2nd Cir. 9/25/13), 125 So.3d 1220, 1226; *Ameriprint, LLC v. Canon Financial Services, Inc.*, 21-110 (La. App. 5th Cir. 5/24/21) 125 So. 3d 1220, 1226.

As an initial matter, we note that the evidence introduced by Cleco during the trial on the exception differs from the exhibits attached to its memorandum in support of the exception. For instance, Cleco attached pleadings from a federal proceeding initiated by Saulsbury in January 2019 purportedly concerning the same issues raised in the Rapides and St. Mary Parish litigation and Saulsbury's opposition allegedly filed in response to Cabot's motion to intervene in the Rapides Parish litigation. These exhibits were not introduced into evidence during the trial on the exception. Instead, Cleco introduced four exhibits without objection: its Rapides Parish suit, the transcript from a September 2020 hearing conducted by the Rapides Parish court, a related Rapides Parish judgment signed on October 5, 2020 granting Cabot leave to intervene and denying Saulsbury's peremptory exception of non-joinder and dilatory exception of improper venue, and Saulsbury's notice of intent to seek supervisory writs from the Third Circuit Court of Appeal regarding the October 5, 2020 Rapides Parish judgment.

Additionally, Saulsbury attached documents to its opposition filed with the trial court but failed to introduce those exhibits into evidence during the trial on the exceptions of lis pendens. Therefore, we do not consider the documents attached to the memoranda filed by Cleco and Saulsbury, which were not introduced into

6

evidence. *Denoux v. Vessel Management Services, Inc.*, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88 (Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.) Conversely, we consider the exhibits admitted into evidence by Cleco, noting that Cabot offered no evidence in support of its exception of lis pendens.

## DISCUSSION

### Saulsbury's Suit is the First Filed Suit Against Cabot

Saulsbury maintains that, at the time it filed suit in St. Mary Parish, there was no other pending state court suit between Saulsbury and Cabot. The evidence in the record supports this assertion. Cabot was not named as a defendant in Cleco's Rapides Parish proceeding filed in October 2019, and it did not intervene there until July or October 2020.[2] By that time, Cabot was named as a defendant in Saulsbury's St. Mary Parish suit, filed in July 2019.

In their joint appellee brief, Cabot and Cleco assert that, once Cabot was allowed to intervene in the Rapides Parish litigation, both suits involved the same parties in the same capacities. Therefore, they maintain that all three requirements for lis pendens are met. The trial court similarly concluded that the Rapides and St. Mary Parish proceedings involve the same parties. However, neither the defendants nor the trial court address the issue of timing as it relates to Cabot, particularly the fact that Cabot was not a party to the Rapides litigation at the time it was named as a defendant in St. Mary Parish. To the extent the trial court determined that Cabot's subsequent intervention was sufficient to satisfy the requirements of lis pendens, we

---

[2] An incidental demand that requires leave of court to file, such as an intervention, shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted. La. C.C.P. arts. 1033, 1091. The evidence in the record does not reflect the date the motion to intervene was filed. However, the parties do not dispute that the motion was filed in July 2020. Accepting this contention as true, Saulsbury's St. Mary Parish suit was still the first pending litigation between Saulsbury and Cabot.

find the trial court legally erred. Saulsbury's suit was undisputedly the first filed suit against Cabot. Therefore, Cabot failed to establish it was entitled to the relief provided by La. C.C.P. art. 531 (When two suits are pending in a Louisiana court on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have *all but the first suit dismissed*). Thus, we reverse the portion of the November 23, 2020 judgment granting the exception of lis pendens filed by Cabot.

Next, we consider the remaining assignments of error as they relate to Cleco's exception of lis pendens.

**Rapides Parish Court Lacked Jurisdiction**

Saulsbury contends that Cabot was a party needed for just adjudication in the Rapides Parish suit pursuant to La. C.C.P. art. 641 and that the failure to join Cabot deprived the Rapides court of subject matter jurisdiction over the action, citing *Hernandez v. State, ex rel. Department of Transportation & Development,* 2002-0162, 2002-0163 (La. App. 4th Cir. 10/16/02), 841 So.2d 808, 818, *on rehearing en banc in part* (12/30/02), *writs denied,* 2003-0261, 2003-0307 (La. 4/25/03), 842 So.2d 399 (a party's failure to join an indispensable party to a declaratory judgment action deprives the trial court of subject matter jurisdiction over that action.) Thus, Saulsbury maintains that, at the time it filed suit in St. Mary Parish, the Rapides Parish court did not have jurisdiction because Cabot was not yet a party to that proceeding. It contends that St. Mary Parish was the first court to have competent jurisdiction over the subject matter and the first to have jurisdiction over both Cleco and Cabot.

We need not address the merits of Saulsbury's jurisdictional argument, because we conclude that Saulsbury failed to make the threshold showing needed to succeed on its own assertion – that Cabot is a party needed for just adjudication in Cleco's Rapides Parish proceeding.

Louisiana Code of Civil Procedure Article 641(1) pertinently provides that a person shall be joined in an action when, in its absence, complete relief cannot be accorded among those already parties. Alternatively, a person shall also be joined under this article if it claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in its absence may either impair or impede its ability to protect that interest or leave any of the parties subject to a substantial risk of incurring multiple or inconsistent obligations. La. C.C.P. art. 641(2)(a) and (b). Courts are to determine whether a party should be joined by a factual analysis of all the interests involved. *Cohen v. Cohen*, 20-352 (La. App. 5th Cir. 10/13/21), 329 So.3d 1057, 1062.

Saulsbury failed to present evidence to establish that Cabot is a party needed for just adjudication in the Rapides Parish proceeding pursuant to these criteria. Instead, Saulsbury relies on a purported judicial confession made by Cleco and Cabot in the Rapides Parish proceeding that Cabot is a party needed for the just adjudication of that suit. However, a judicial confession must be applied by the court in the proceeding in which it is made. An admission made in another proceeding is not considered a judicial confession. *Hebert v. Richard*, 2015-8 (La. App. 3d Cir. 6/17/15), 166 So.3d 1265, 1275, *writs denied*, 2015-1390, 2015-1391 (La. 10/2/15), 178 So.3d 991. Admissions in proceedings other than the one currently being adjudicated are considered extrajudicial admissions, which may be used as evidence but which do not create conclusive presumptions or operate as an estoppel against the party making them. *Gnagie v. Department of Health & Human Resources*, 603 So.2d 206, 211, n.3 (La. App. 1st Cir. 1992), *writ denied*, 608 So.2d 174 (La. 1992).[3] *See* La. C.C. art. 1853 (A judicial confession is a declaration made by a party in a

---

[3] The only instance where an extrajudicial confession will operate as an estoppel against the party making it is if the party claiming the benefit of the estoppel was deceived by the admission or relied on it to his prejudice. *Gnagie*, 603 So.2d at 211, n.3. Saulsbury does not allege deception or prejudice.

judicial proceeding. That confession constitutes full proof against the party who made it.) Therefore, this argument fails.

The evidence properly admitted contains minimal details of the relationship between Saulsbury, Cleco, and Cabot. The parties make various factual assertions regarding their contractual agreement, particularly that Cleco and Cabot's respective obligations and the obligations owed by Saulsbury to each are *separate and distinct*. As noted, the contract excerpt attached to Saulsbury's opposition to the exceptions was not introduced into evidence and may not be considered by this court. Argument of counsel, no matter how artful, is not evidence. *Tour Holdings, L.L.C. v. Larre*, 2018-0503 (La. App. 1st Cir. 12/6/18), 267 So.3d 735, 738. Additionally, Cabot's reasons for intervening in the Rapides proceeding and its asserted interest in the matter are not evident from the documents admitted.

Cleco's Rapides Parish petition sets forth a demand for damages against Saulsbury alone. The pleading identifies Cabot as a "developer" and an additional party to the contract wherein Saulsbury was hired to construct the waste heat power plant and emissions control system "at Cabot's carbon black manufacturing facility in Franklin, Louisiana." Cleco does not allege any wrongdoing by Cabot and seeks judgment against Saulsbury only for damages sustained solely by Cleco as a result of project delays purportedly caused by Saulsbury and other personnel issues related to "Saulsbury's workforce." There are no allegations to suggest that complete relief cannot be granted in Cabot's absence, that Cleco or Saulsbury will be exposed to a substantial risk of incurring multiple or inconsistent obligations, or that Cabot's ability to protect its interest will be impaired or impeded in anyway. *See* La. C.C.P. art. 641(2)(a) and (b).

While it is evident that Cabot has some involvement in the project at issue in the Rapides Parish suit, Saulsbury failed to demonstrate that Cabot is a party needed for just adjudication pursuant to La. C.C.P. art. 641. A person should be deemed

10

needed for just adjudication only when absolutely necessary to protect substantial rights. *Industrial Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 837 So.2d 1207, 1217. Thus, we find no merit in this assignment of error.

**Venue is Mandatory in St. Mary Parish Pursuant to the Private Works Act**

Finally, Saulsbury argues that it filed lien claims against Cabot and Cleco in St. Mary Parish where the immovable property at issue is located pursuant to the provisions of the Private Works Act codified as La. R.S. 9:4801, *et seq.* Saulsbury maintains that, under the Private Works Act, venue is mandatory where the work is performed and where the lien rights arise. According to Saulsbury, mandatory venue is considered jurisdictional venue; therefore, its suit may not be brought in any other parish. Thus, Saulsbury asserts that the St. Mary Parish court has exclusive jurisdiction and venue over its lien claims, which cannot be pursued in Rapides Parish. Notably, Saulsbury does not cite a provision of the Private Works Act to establish that venue is mandatory in a particular parish. Instead, it relies on La. C.C.P. art. 72, which pertinently provides that an action to enforce a privilege by an ordinary proceeding may be brought in the parish where the property, or any portion thereof, is situated. Saulsbury also relies on *Gurtler, Hebert & Co. v. Marquette Casualty Co.*, 145 So.2d 145, 148 (La. App. 4th Cir. 1962), stating that, although Article 72 uses the permissive "may," this venue provision should be deemed mandatory. For reasons discussed below, we disagree with Saulsbury's assertion that venue was mandatory in St. Mary Parish and to the extent this holding is inconsistent with *Gurtler*, we decline to follow it.

As contractor, Saulsbury was entitled to assert a privilege on an immovable to secure the owners' obligations arising out of work performed on the immovable. La. R.S. 9:4801, prior to Acts 2019, No. 325, § 1, eff. Jan. 1, 2020. At the time Saulsbury filed the statements of claim and privilege in 2018 and 2019, La. R.S. 9:4831(A) provided that the filing of a statement of claim or privilege required or

11

permitted to be filed under the provisions of the Private Works Act is accomplished when it is filed for registry with the recorder of mortgages of the parish in which the work is to be performed.[4] This provision clearly sets forth a mandatory filing requirement for the statement of claim or privilege, which Saulsbury complied with by filing the statements in St. Mary Parish.[5]

In 2018 and 2019, La. R.S. 9:4823(A)(2) stated that a privilege provided by La. R.S. 9:4801 is extinguished if the "claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after filing the statement of claim or privilege to preserve it...."[6] The statute did not (and currently does not) state that the action must be filed in any particular parish, in contrast to La. R.S. 9:4831, which dictates where the statement of claim or privilege must be filed.

We have found no jurisprudence establishing a "mandatory venue" for purposes of an action to enforce a claim or privilege granted by the Private Works Act, and the parties cite none. Nevertheless, we find guidance in the Louisiana Supreme Court's consideration of the Louisiana Oil Well Lien Act in *Guichard Drilling Co. v. Alpine Energy Services, Inc.*, 94-1275 (La. 7/3/95), 657 So.2d 1307, 1313, which creates a privilege similar to the Private Works Act. At the relevant time, the Oil Well Lien Act provided that a notice of claim or privilege setting forth the nature and amount thereof shall be filed and inscribed in the mortgage records of the parish where the property is located. La. R.S. 9:4862(A)(1);[7] *Id.* The Oil Well Lien Act further provided that the privilege shall be extinguished if a claimant or

---

[4] Louisiana Revised Statutes 9:4831 was amended by Acts 2019, No. 325, § 1, eff. Jan. 1, 2020.

[5] We make no finding concerning the validity or enforceability of the lien or privilege claimed by Saulsbury.

[6] Louisiana Revised Statutes 9:4823 was also amended by Acts 2019, No. 325, § 1, eff. Jan. 1, 2020.

[7] This provision was subsequently amended and reenacted by Acts 1995, No. 962, §1 and then amended by Acts 2012, No. 394, § 2, eff. Aug. 1, 2012.

holder of the privilege fails to institute an action thereon within one year after the date of recordation of notice of the privilege. La. R.S. 9:4865;[8] *Id.* Like the Private Works Act, this provision did not expressly require the lien claimant to file suit in a particular parish.

The Supreme Court noted that Guichard performed the acts required by La. R.S. 9:4865. It properly recorded its lien by filing an affidavit in the mortgage records of *St. Martin Parish*, where the well was drilled. *Guichard Drilling Co.*, 657 So.2d at 1310, 1318. It then instituted an action in *Plaquemines Parish* seeking a judgment for the debt owed and a judgment recognizing its lien on the subject property. *Id.* at 1318. One of the defendants, whose property was potentially affected by the lien, argued that Plaquemines Parish was not the proper venue for Guichard's suit for recognition of its lien. *Id.* at 1317, n.11. The court noted that venue was no longer subject to challenge because no objection to venue was made in the Plaquemines proceeding, which had been reduced to final judgment. Although it did not rule on the issue, the court noted that "venue of the Plaquemines Parish judgment appear[ed] to be proper under La.Code Civ.P. arts. 72, 45, and 42." *Id.*

This supports Cleco's argument that, pursuant to La. C.C.P. art. 45(3), venue under Article 72 is not mandatory. Article 45 specifically identifies the venue articles that govern "exclusively" if a conflict exists between the venue provisions. Article 45(3) provides that if the "exclusive" venue articles are not applicable, none of which apply here, and there is a conflict between two or more of Articles 42 and 71 through 77, including Article 72 at issue, the plaintiff may bring the action in any venue provided by any applicable article. Had Saulsbury been the first to file suit against Cleco concerning the construction project, it would have had the option to file suit in the venue of its choosing pursuant to any applicable venue article.

---

[8] This provision was also amended and reenacted by Acts 1995, No. 962, §1 and then amended by Acts 2001, No. 128, § 4, eff. July 1, 2001; Acts 2012, No. 394, § 2, eff. Aug. 1, 2012.

However, Cleco filed first and, at its discretion, elected to proceed in Rapides Parish as allowed by La. C.C.P. art. 76.1. Cleco correctly argues that Saulsbury, as a defendant in the plaintiff's chosen venue, is not without recourse. Instead, Saulsbury is required to file a compulsory reconventional demand against Cleco in the Rapides Parish proceeding to assert "all causes of action" that it may have against Cleco that arise out of the transaction that is the subject of the principle action, including a claim to enforce a lien or privilege. La. C.C.P. art. 1061(B).

We agree with Cleco and reject Saulsbury's argument that venue is mandatory in St. Mary Parish such that its lien enforcement action pursuant to the Private Works Act cannot proceed against Cleco in Rapides Parish.[9] *See Guichard*, 657 So.2d at 1314 ("while the general rule of strict construction applies to the substantive provisions which create a lien, once it is determined that the substantive provisions provide for a lien, provisions relative to the enforcement of the lien are construed liberally because of their remedial nature."). We find no error in the trial court's judgment granting the exception of lis pendens in favor of Cleco, dismissing the claims filed against it by Saulsbury in St. Mary Parish, and decline to reverse this portion of the November 23, 2020 judgment. While we recognize that our ruling results in piecemeal litigation and does not promote judicial efficiency, we must apply the law to the facts and evidence before us, taking the record and the status of the proceedings as we find them.

---

[9] Cleco also asserts that the doctrine of issue preclusion applies to Saulsbury's challenge to venue and jurisdiction made before this court, because the October 5, 2020 Rapides Parish judgment denied Saulsbury's exceptions of non-joinder and venue. We disagree that issue preclusion applies here. While it appears the Rapides Parish trial court denied an exception of non-joinder filed by Saulsbury, it is not evident from the face of the October 5, 2020 judgment that the exception identified Cabot as the party needed for just adjudication. Additionally, the venue issue presented here concerns Saulsbury's lien enforcement action, a claim not pending before the Rapides Parish court.

## CONCLUSION

For the foregoing reasons, the portion of the November 23, 2020 judgment granting the exception raising the objection of lis pendens in favor of Cabot Corporation is reversed and the matter is remanded to the trial court for further proceedings. The portion of the November 23, 2020 judgment granting the exception raising the objection of lis pendens in favor of Cleco Power, LLC is affirmed. Costs of this appeal are assessed equally between Saulsbury Industries, Inc. and Cabot Corporation, with each party to pay one-half of the total costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**