GLOBAL DISASTER SERVICES, LLC                    NO. 24-C-25

VERSUS                                           FIFTH CIRCUIT

WHITESTONE CONSTRUCTION GROUP, LLC               COURT OF APPEAL

                                                 STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

                          April 30, 2024

                          Susan Buchholz
                          Chief Deputy Clerk

**IN RE** WHITESTONE CONSTRUCTION GROUP, LLC

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 840-931

Panel composed of Judges Fredericka Homberg Wicker, Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED**

In this case arising from a suit on open account, defendant Whitestone Construction Group, LLC ("Whitestone") seeks supervisory review of a December 18, 2023 judgment overruling their declinatory exception of improper venue. On the showing made, and upon *de novo* review, we grant Whitestone's writ application, vacate the judgment of the trial court, and render judgment sustaining Whitestone's declinatory exception of improper venue.

In its Petition on Open Account, Global Disaster Services, LLC ("GDS") a Louisiana limited liability company with its principal place of business in the Parish of Jefferson, avers that defendant Whitestone is indebted unto GDS in the sum of $1,075,594.91 plus interest, attorney's fees, and costs for labor and work provided to Whitestone for construction projects performed in the state of Texas. GDS states that venue in Jefferson Parish is proper pursuant to La. C.C.P. art 74.4 because GDS opened and maintained Whitestone's open account in the Parish of Jefferson. Included with the Petition, GDS attached account statements and invoices from October of 2022 to April of 2023.

Whitestone filed a declinatory exception of improper venue in which it argued that venue for GDS's suit is proper in Orange County, Florida pursuant to a forum selection clause contained in contracts signed by GDS. In support of the exception, Whitestone attached as exhibits copies of three Short Form Subcontract Agreements ("Agreements") dated July 26, 2022, February 23, 2023, and March 18, 2023. Whitestone asserts those Agreements govern the work for which GDS seeks payment. In addition, Whitestone attached an affidavit from Mark Filburn,

1

president of Whitestone Construction Group, who attested that GDS entered into the contractual agreements with Whitestone as shown in the exhibits.

At the hearing on the motion, argument by GDS focused on the absence of Whitestone's signatures on the Agreements. GDS contended that the lack of Whitehouse's signatures precluded its enforcement of the forum selection clause. Following arguments, the trial court denied Whitestone's exception.

Venue presents a question of law, which is reviewed *de novo* by the appellate court. *Seghers v. LaPlace Equip. Co., Inc.*, 13-350, (La. App. 5 Cir. 2/12/14), 136 So.3d 64. Evidence may be presented at a hearing on a declinatory exception. La. C.C.P. art. 930. If evidence is admitted at a hearing on a declinatory exception, the exception must be resolved on the exception as presented, rather than on the allegations in the petition. *Woods v. Ace Am. Ins. Co.*, 23-450 (La. App. 5 Cir. 10/31/23), 2023 WL 7140887, *writs denied*, 23-1575 (La. 2/6/24), 378 So.3d 748, and 23-1635 (La. 2/6/24), 378 So.3d 751; *Johnson v. Byrd*, 48,411 (La. App. 2 Cir. 9/25/13), 125 So.3d 1220. For purposes of a venue exception, the allegations of the plaintiff's petition are taken as true; however, when evidence is offered at a trial on the exception, the court is not bound to accept as true the allegations made in the petition. *Woods*, *supra*; *Chumley v. White*, 46,707 (La. App. 2 Cir. 11/9/11), 80 So.3d 39, *writ denied*, 11-2741 (La. 2/17/12), 82 So.3d 288.

The Agreements introduced into evidence by Whitestone appear to indicate that at least some of the work for which GDS claims payment owed was performed pursuant to contract rather than upon open account. These Agreements all contain a provision which states, "[i]t is expressly agreed by the Subcontractor that the venue for all legal actions associated with [litigation to resolve a dispute] shall be Orange County, Florida." The fact that the first two contracts of July 26, 2022 and February 23, 2023 were signed by GDS but not by Whitestone does not mean that the forum selection clause contained within them is unenforceable.

A contract is formed by consent, through offer and acceptance. La. C.C. art. 1927. When, in the absence of a legal requirement, the parties contemplate a certain form, it is presumed that they did not intend to be bound until the contract was executed in that form. La. C.C. art. 1947. While an ordinary act under private signature must be signed by the parties, La. C.C. art. 1837, a jurisprudential exception to this statutory requirement exists when only one party has signed an agreement and the non-signing party has availed himself of the agreement or taken actions evidencing his acceptance thereof. *See* La. C.C. art. 1837, Revision Comment (b); La. C.C. art. 1927, ("Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which acceptance is made.")

Forum selection clauses should be enforced in Louisiana unless the resisting party can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching or that enforcement would contravene a strong public policy of the forum in which the suit is brought. *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 13-1977 (La. 7/1/14), 148 So.3d 871, 881. GDS has made no such showing here.

Accordingly, we grant relator's writ application, vacate the December 18, 2023 judgment of the trial court, and sustain the declinatory exception of improper venue filed by Whitestone.

Gretna, Louisiana, this 30th day of April, 2024.

**TSM**
**FHW**
**SUS**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **04/30/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-25**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Elizabeth A. Roussel (Relator)
Luke G. LaHaye (Relator)

### MAILED
Corey E. Dunbar (Respondent)
Attorney at Law
8311 Highway 23
Suite 104
Belle Chasse, LA 70037



4|30|24

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corey E. Dunbar
Attorney at Law
8311 Highway 23- Suite 104
Belle Chasse, LA 70037
24-C-25                    04-30-24

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3564 91

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8704

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Samantha Creel   5-2-2⍺

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt